**Shannon PAUL, b/n/f Charles Paul and Yvonne Paul, his parents, Charles Paul and Yvonne Paul, Individually**

v.

**Ann McGHEE, Everett Jones, the Campbell County Board of Education and Campbell County, Tennessee.**

**Civ. No. 3–83–584.**

United States District Court, E.D. Tennessee, N.D.

Dec. 6, 1983.

David A. Stuart, Clinton, Tenn., for plaintiffs.

Robert L. Cheek, Knoxville, Tenn., for McGhee.

Frank Q. Vettori, Ben W. Williamson, Jr., Knoxville, Tenn., for all other defendants.

### MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is a complaint under 42 U.S.C. § 1983 alleging violation of constitutional rights in the infliction by defendant Ann McGhee, a public school teacher employed by Campbell County, Tennessee, of corporal punishment upon the minor plaintiff Shannon Paul [Shannon]. Charles and Yvonne Paul [Charles and Yvonne], Shan-

non's parents, bring this suit in their representative capacity for Shannon and individually for damages for medical expenses and loss of services of their son.

Defendants Everett Jones, the Campbell County Board of Education and Campbell County, Tennessee, have made a motion to dismiss stating: (1) the complaint, insofar as it names Charles and Yvonne as plaintiffs in their individual capacities, fails to state a claim because Charles and Yvonne cannot sue for damages for the violation of Shannon's constitutional rights; (2) defendant Jones was not present at the time of the alleged beating and therefore cannot be held to have violated Shannon's constitutional rights; and (3) the complaint as to Shannon fails to state a claim cognizable under 42 U.S.C. § 1983 or the Constitution of the United States. The last averment will be considered first because its determination, if favorable to the defendants, will dispose of the case, thus rendering unnecessary consideration of the two former averments.

The Civil Rights Act protects persons against deprivation of any right, privilege or immunity secured by the Federal Constitution by persons acting under color of state law. Thus, the issue for the Court is whether corporal punishment of a student by a public school teacher violates any constitutional rights of that student.

This issue has been addressed by the United States Supreme Court. In *Ingraham v. Wright* [1], the Court held that "corporal punishment in public schools implicates a constitutionally protected liberty interest, but ... that the traditional common-law remedies are fully adequate to afford due process." [2] *Ingraham v. Wright,* 430 U.S. 651, 672, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977). The Court stated that Florida recognized the common

law right of a child not to be subjected to excessive corporal punishment at school; that under Florida law the teacher and principal were required to determine whether corporal punishment was reasonably necessary to discipline a child who misbehaved; and that if punishment inflicted was found to be excessive, the school authorities could be held civilly and criminally liable. *Id.* at 676–677, 97 S.Ct. at 1415–1416. These safeguards the Court found adequate to provide due process.

Similarly in this case, Tennessee law provides that the teacher and principal may use corporal punishment only in a *reasonable manner for good cause;* thus preserving the common law right of the child not to be subjected to excessive punishment. Tenn.Code Ann. § 49–6–4103 (Supp.1983) (emphasis supplied). Further, the local board of education is charged with the responsibility to promulgate rules and regulations regarding the administration of corporal punishment in public schools. Tenn. Code Ann. § 49–6–4104. Although not briefed by the parties, it appears that a discipline code has been adopted by the Campbell County Board of Education and that an investigation of the matter was conducted. (Answer of defendant Ann McGhee). Finally, if punishment was excessive, plaintiff may pursue civil remedies against the responsible school authorities. [3]

Curiously, in response to defendants' motion to dismiss, plaintiff argues that neither an eighth or fourteenth amendment violation was alleged as to defendants. Rather, plaintiff says that defendants were grossly negligent in training and supervising defendant Ann McGhee and, by official policy, sanctioned her conduct. Plaintiff says this is sufficient to show that defendants violated plaintiff's constitutional rights. In order to prevail against defendants, plain-

---

**1.** 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

**2.** The Court also held that the eighth amendment is inapplicable when public school teachers impose disciplinary corporal punishment. *Ingraham v. Wright,* 430 U.S. 651, 671, 97 S.Ct. 1401, 1412, 51 L.Ed.2d 711 (1977).

**3.** *Marlar v. Bill,* 178 S.W.2d 634, 181 Tenn. 100 (1944) (A teacher who searched student's pockets and a principal who inflicted slight punishment on student were not liable for damages for assault and battery and illegal search because they were acting with reasonable judgment.)

tiff must show a violation of plaintiff's constitutional rights by defendant McGhee which was sanctioned by defendants' official policy or negligent training of defendant McGhee. As stated above, the Supreme Court has held that the constitutional right which is implicated in corporal punishment of school children is the fourteenth amendment right to due process and that due process is satisfied by the state's preservation of common law constraints and remedies. *Ingraham,* 430 U.S. at 683, 97 S.Ct. at 1419. In light of *Ingraham,* plaintiff has shown no violation of his constitutional rights by any defendant.

■■■ The Court notes that a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is required to be made before a responsive pleading is served. Since defendants answered the complaint before submitting the 12(b)(6) motion, the motion is untimely. Therefore, the Court will consider defendants' motion as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 12(h)(2), and Wright & Miller, Federal Practice and Procedure: Civil § 1361. For purposes of this motion, all material allegations are admitted as true. Because the Court finds that procedural due process was afforded plaintiff by Tennessee's preservation of common law constraints and remedies governing corporal punishment of school children, the defendants committed no violation of plaintiff's constitutional rights to due process. Therefore defendants are entitled to judgment on the pleadings. Plaintiff requested that, if the Court was disposed to grant defendants' motion, the Court defer ruling on the motion until plaintiff could complete additional discovery. The Court believes that further discovery would be of no benefit to plaintiff, therefore his request is denied.

For the foregoing reasons, defendants' motion is granted and this case is dismissed. The Court further notes that defendants' motions to inspect medical records and to allow medical examination are pending. These motions are denied as moot.

Order Accordingly.