Jeffrey S. VOZEH, Kathleen Vozeh and
Frank Vozeh, Jr., Plaintiffs,

v.

GOOD SAMARITAN HOSPITAL, Dr. Peter Pappalardo and Ramapo Orthopaedic Associates, P. C., Defendants.

No. 77 Civ. 4183 (IBC).

United States District Court,
S. D. New York.

Nov. 7, 1979.

L. Nicholas Gigante, New York City, for plaintiffs.

Costello & Shea, New York City, for defendant Good Samaritan Hospital; Paul Bonsignore, New York City, of counsel.

Martin, Clearwater & Bell, New York City, for defendants Dr. Pappalardo and Ramapo Orthopaedic Associates, P.C.; Robin F. Zwerling, New York City, of counsel.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

The application by Dr. Pappalardo to dismiss the complaint (brought on by an order to show cause as recent as November 2, 1979) on the ground that he was not personally served with the summons and complaint in this action is woefully and inexcusably belated. Considerable harm has been done thereby to the rights of the other litigants in the case.

The plaintiffs' medical malpractice claim arose at the time of the accident, September, 1975. The action was commenced on August 24, 1977. The United States Marshal's return of service clearly shows that Dr. Pappalardo was personally served on September 1, 1977. Under the heading "Name and Title of Individual Served," the Marshal's return states, "Dr. Pappalardo." The movant *for the first time* now offers proof he was never personally served; the affidavit of his secretary verified *October 13, 1978* avers that the summons and complaint were left with her.

While it is true that movant in his answer (filed December 5, 1977) interposed a separate defense reading "That the defendants have not been personally or properly served with a summons in the above entitled action, and by reason thereof the Court lacks personal jurisdiction over the defendants in

the above entitled matter," not until last week did he offer proof in support thereof.

■ A special appearance to attack the Court's *in personam* jurisdiction has been abolished in the Federal courts; substituted therefor is a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure; it may be made without subjecting movant to the Court's jurisdiction. If the jurisdictional objection is overruled, movant may defend the action on the merits without losing the right to appeal the jurisdictional issue after trial. See *Harkness v. Hyde*, 98 U.S. 476, 25 L.Ed. 237 (1898).

■ A Marshal's return may be impeached, but, as Judge Dimock wrote (*Halpert v. Appleby*, 23 F.R.D. 5 (S.D.N.Y. 1958)), "The unseemly inquiry into the truth of the official certificate need not be pursued unless an almost irrefragable case is presented against it. . . . it would be highly inconvenient and, indeed, demeaning to the dignity of the court and its officers if a defendant, by a mere denial, could force" the plaintiff to depose the Marshal. We hold that until the instant motion was brought on last week, we had before us only the averment recited in the answer—a total absence of proof. Accordingly, Judge Dimock's pronouncement also applies to the situation before us prior to the application we now deal with. Were it not for the movant's unpardonable delay, we would unhesitatingly follow *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807 (7th Cir. 1969): "While a signed return showing service by the marshal is *prima facie* evidence of valid service, a party may still have his day in court to prove otherwise."

■ We cannot readily dismiss the plain fact that until November 2, 1979, no proof addressed to the issue of this Court's *in personam* jurisdiction was presented—silence for close to two (2) years: from December 5, 1977 (the date the answer was filed with our Clerk of Court) to November 2, 1979, almost at the eve of trial set (on October 19, 1979) for November 13, 1979.

This unwarranted delay produces an unfair hardship on plaintiffs. It subjects them to the disadvantage of attempting to assemble proof, the effectiveness of which may well be severely diluted by the passage of time ("faint memory" of witnesses, absence of others, etc., etc.). Further, plaintiffs would have to face the possibility that the Statute of Limitations might outlaw their claims altogether.

The movant is clearly guilty of laches and to a degree worthy of condemnation. One instance of his amazing neglect, among many others, suffices: At a conference we held with counsel on September 20, 1978, movant's counsel stated that imminent was a motion addressed to the jurisdictional issue. We expressed in positive terms our outrage that such a long period of time had elapsed without moving forward. Nevertheless, counsel did not translate by tangible, overt action the "intent" expressed on September 20, 1978 until November 2, 1979!

Further, at conferences we held with counsel on October 17 and 19, 1979 when discussion of possible settlement or trial date took place, not a word was uttered by movant's attorney as to a motion to dismiss the complaint on any ground whatever.

We should add also that since the inception of this action, many steps were taken by the parties, but nothing until last week on the vital issue with which we are here concerned.

We hold that by the extreme and inordinate delay outlined above, movant abandoned the special defense asserted almost two years ago and waived his rights thereunder. Accordingly, we are constrained to, and do, deny the instant application in all respects with leave to renew same at trial.

SO ORDERED.