**Albert A. BURTON, Plaintiff,**

v.

**NORTHERN DUTCHESS HOSPITAL and W.H. Jameison, Defendants.**

**No. 82 Civ. 3306 (DNE).**

United States District Court, S.D. New York.

June 20, 1985.

---

Bernard T. Callan, Bay Shore, N.Y., of counsel, for plaintiff.

Meiselman, Farber, Stella & Eberz, P.C., Poughkeepsie, N.Y. (Terry D. Horner, Poughkeepsie, N.Y., of counsel), for defendant Northern Dutchess Hosp.

Martin, Clearwater & Bell, New York City (Kenneth R. Larywon, New York City, of counsel), for defendant Jameison.

## MEMORANDUM OPINION AND ORDER

EDELSTEIN, District Judge:

This is a medical malpractice action brought against Northern Dutchess Hospital ("Northern Dutchess") and William H. Jameison, M.D. ("Jameison"). On March 11, 1985, plaintiff moved to strike the affirmative defenses of lack of personal jurisdiction and statute of limitations from defendants' answers.[1] Defendants have cross-moved to dismiss the complaint, pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, on the ground that that defendants were not properly served with the summons and complaint in this action. Defendant Jameison also moved to dismiss on the ground that the complaint was not properly served within the applicable statute of limitations. For the reasons set forth below, the court finds that defendants by their conduct in this action have waived the defenses of insufficiency of service of process and lack of personal jurisdiction. Accordingly, plaintiff's motion to strike is granted and defendants' motions to dismiss is denied.

## FACTUAL BACKGROUND

Because this motion involves a claim that defendants by their conduct during these proceedings have waived their defenses, the court will set forth in detail the procedural history of this action.

Plaintiff filed the complaint in Connecticut District Court on December 16, 1981.

---

1. Defendant Jameison has interposed the affirmative defenses of insufficiency of service of process and statute of limitations. The statute of limitations defense is based on the contention that because service was not properly effectuated, the action has not been commenced and thus the statute of limitations has not been tolled. The statute of limitations defense has merit only if the court determines that service of process has not been effectuated. Defendant Northern Dutchess has interposed the affirmative defense of lack of personal jurisdiction. Its answer does not claim that the complaint is barred by the statute of limitations.

Plaintiff had the Marshal serve the defendants by certified mail on December 21, 1981 and December 28, 1981. The Marshal's return receipt, which demonstrates that defendants were served by certified mail, was filed on December 28, 1981. Northern Dutchess served its answer on January 11, 1982 and Jameison served his answer on July 7, 1982.[2] Both answers include the affirmative defense of lack of personal jurisdiction.

On April 29, 1982, the Connecticut District Court transferred the case to this court, pursuant to plaintiff's motion and on the express consent of all parties. The parties then commenced extensive discovery, including the exchange of records and authorizations, interrogatories, inspection of documents and depositions. The court originally established August 8, 1983 as the deadline for completion of discovery. At the request of the parties, the court, in September 1983, extended the discovery cut-off date to November 30, 1983, and subsequently granted the parties' request for extensions to January 31, 1984 and February 7, 1984. At a pre-trial conference on February 7, 1984, the court granted the parties' application for a further extension to March 7, 1984.

On March 21, 1984, the court granted defendant Jameison leave to move to dismiss plaintiff's cause of action based on lack of informed consent. The court stayed discovery until the motion was decided. On June 20, 1984, the court granted the motion to dismiss the cause of action based on lack of informed consent.

The court held a pre-trial conference on June 27, 1984, at which it ordered the parties to submit the joint pre-trial order by August 27, 1984. By subsequent stipulations and orders, the deadline for submission of the joint pre-trial order was extended to September 17, 1984 and then to October 1, 1984. Finally, on October 1, 1984, the court received the parties' joint pre-trial order. The joint pre-trial order provides that defendants contest sufficiency of service of process.

On December 11, 1984, the court scheduled a conference for December 18, 1984 to set a trial date and to explore the possibility of settlement. The conference was held before Magistrate Leonard Bernikow. At the conference, the parties stated that additional discovery was required. This additional discovery was unrelated to the issue of the sufficiency of service of process. The court adopted the Magistrate's recommendation that plaintiff be given permission to obtain another expert witness to be deposed by January 5, 1985 and that plaintiff answer defendants' interrogatories by December 28, 1985. After review of the parties' joint pre-trial order, the court again held a conference on January 7, 1985, during which it ordered plaintiff to provide defendants with copies of his medical bills. The court also ordered the parties to file pretrial memoranda of law by January 31, 1985 and gave notice that after receipt of the memoranda, the court would try to set a trial date. Subsequently, by stipulation and order, the court extended the deadline for submission of pre-trial memoranda to February 28, 1985.

At plaintiff's request, the court held a pre-motion conference on February 25, 1985. Northern Dutchess did not attend this conference. At the pre-motion conference, the court granted plaintiff leave to move to strike defendants' affirmative defenses of lack of personal jurisdiction and statute of limitations. Plaintiff moved to strike on March 11, 1985. Jameison cross-moved to dismiss on April 3, 1985, and Northern Dutchess cross-moved to dismiss on April 9, 1985.

## DISCUSSION

■ It is well settled that lack of personal jurisdiction is a privileged defense that can be waived "by failure [to] assert [it] seasonably, by formal submission in a cause, or by submission through conduct." *Neirbo Co. v. Bethlehem Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167 (1939); *see Marcial Ucin, S.A. v. S.S. Gali-*

2. Jameison's time to answer was extended by stipulation and order.

*cia*, 723 F.2d 994, 996 (1st Cir.1983). Although Rule 12(h)(1) does not provide a time limit for contesting service of process, other than the 20-day period for filing a responsive pleading, the defense must be made in a reasonably timely manner or it is waived. *Marcial Ucin, S.A. v. S.S. Galicia, supra*, 723 F.2d at 997; *Merz v. Hemmerle*, 90 F.R.D. 566, 568 (E.D.N.Y.1981); *Vozeh v. Good Samaritan Hospital*, 84 F.R.D. 143, 144 (S.D.N.Y.1979); *Bouas v. Sociedad Maritima San Nicholas, S.A.*, 252 F.Supp. 286, 288 (S.D.N.Y.1965), *cert. denied*, 382 U.S. 1025, 86 S.Ct. 646, 15 L.Ed.2d 539 (1966); *see also Chase v. Pan-Pacific Broadcasting, Inc.*, 750 F.2d 131, 134 (D.C.Cir.1984) ("office of Rule 12(h)(1) is to assure that a defense of lack of jurisdiction over the person is asserted promptly."); *Lomanco, Inc. v. Missouri Pac. R.R. Co.*, 566 F.Supp. 846, 849 (E.D.Ark.1983) (defense of lack of personal jurisdiction may be waived by conduct of party).

■ Defendants have literally complied with Rule 12(h)(1) by asserting the defense of lack of jurisdiction in their answers. These responsive pleadings, however, do not preserve the defense in perpetuity. Defendants are required at some point to raise the issue by motion for the court's determination. After preserving the jurisdictional defense in their answers, defendants should have sought discovery immediately to ascertain whether service was proper. If they discovered that service was not proper, defendants should have moved at the earliest possible opportunity to dismiss the complaint. This would have allowed plaintiff to re-serve the summons and complaint before the expiration of the statute of limitations. *See Marcial Ucin, S.A. v. S.S. Galicia, supra*, 723 F.2d at 997 (in determining that defendant waived affirmative defense of lack of personal jurisdiction, court noted that plaintiffs "may have been placed at a disadvantage by having to face the possibility that the Massachusetts statute of limitations might bar their claims"); *Vozeh v. Good Samaritan Hospital, supra*, 84 F.R.D. at 144 (same). Even if plaintiff could not have re-served the summons and complaint within the limitations period, a prompt motion to dismiss would have saved all parties and the court the expense of years of discovery, pre-trial conferences and motions relating to discovery and to the merits of the complaint.

■ Since the commencement of this action three and one-half years ago, defendants repeatedly have failed to avail themselves of opportunities to contest the sufficiency of service of process. Defendants should have moved to dismiss based on insufficiency of service of process when the case was still in Connecticut. Although a court can transfer an action even if it has no jurisdiction over the parties, *Troyer v. Karcagi*, 488 F.Supp. 1200, 1206 (S.D.N.Y. 1980), the logical and efficient approach is for the court first to determine whether it has jurisdiction over the defendants. A motion to dismiss before the Connecticut district court would have saved plaintiff the expense of moving to transfer and would have saved the New York and Connecticut courts the administrative burden of transferring a case. Once the case was transferred to this court, defendants should have sought leave to move to dismiss the complaint at the initial pre-trial conference held on April 20, 1983. Instead, defendants consented to the establishment of a discovery schedule and then engaged in extensive discovery with the plaintiff. Moreover, defendants repeatedly joined plaintiff in requests for extensions of the discovery period. This conduct is inconsistent with defendants' assertion that the court lacks personal jurisdiction over them.

■ Waiver is particularly appropriate in this case because defendants have already moved to dismiss a portion of the complaint. Rule 12(g) provides:

A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a

motion based on the defense or objection so omitted, ...

Defendants contend that they are not barred by Rule 12(g) because their motion was brought pursuant to Rule 56 and the court in its June 20, 1984 memorandum endorsement adjudicated the motion under Rule 56 and local rule 3(g), applicable to motions for summary judgment. Although defendants are not barred by the literal provisions of Rule 12(g), their failure to include objections to service of process in their Rule 56 motion is another example of their failure to take advantage of an opportunity to contest service of process. *See* C. Wright and A. Miller, Federal Practice and Procedure (Civil) § 1387, at 843 (1969) (Rule 12(g) "has been construed liberally to permit defendant to move under Rule 12 and any other rule at the same time"). As one commentator has stated, "it is in the court's interest to encourage joinder of defenses in order to facilitate the speedy determination of the action." *Id.* Allowing defendants to contest sufficiency of service of process at this point would contravene the spirit of Rule 12(g) and encourage piecemeal determination of the validity of defenses.

After the court granted the motion to dismiss the cause of action based on lack of informed consent, defendants continued to forego opportunities to raise the service of process issue. Defendants stated in the joint pre-trial order submitted on October 1, 1984 that they contested sufficiency of service of process. However, at pre-trial conferences held by the court on December 11, 1984 and January 7, 1985, defendants did not raise the service of process issue and did not seek leave to move to dismiss. *See Vozeh v. Good Samaritan Hospital, supra,* 84 F.R.D. at 144 (in holding the movant "guilty of laches ... to a degree worthy of condemnation," the court noted that "at conferences with counsel ... when dis-

cussion of possible settlement or trial date took place, not a word was uttered by movant's attorney as to a motion to dismiss the complaint on any ground whatsoever").[3] Indeed, at the December 18, 1984 pre-trial conference, defendants sought additional discovery of the plaintiff, unrelated to the service of process issue. Defendants did not move to dismiss based on insufficiency of service until after plaintiff moved to strike defendants' affirmative defenses. Such dilatory practice cannot be excused.

■ Defendants seek to justify their laxity by noting that plaintiff only recently provided defendants with proof of service. This does not excuse defendants' nonfeasance. If plaintiff refused a legitimate request by defendants to supply proof of service, defendants' remedy was to move to compel, pursuant to Rule 37. Moreover, plaintiff filed the Marshal's return receipt as early as December 28, 1981. All the defendants had to do was check the file in the possession of the clerk of the court to discover plaintiff's proof of service.

■ Defendants also contend that it is plaintiff who has been dilatory, because he did not move to strike the affirmative defenses until March 1985. Rule 12(f) provides:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense ...

Because the motion to strike the defenses was not made within 20 days after service of the answers, the motion to strike is untimely. The court, however, retains the authority to consider plaintiff's motion in

3. The movant guilty of laches "to a degree worthy of condemnation" in *Vozeh, supra,* was represented by the law firm of Martin, Clearwater & Bell, the same firm that represents defendant Jameison. In view of the firm's similar dilatory conduct in this case, it is apparent that the firm

has not benefitted from its previous condemnation. The firm of Martin, Clearwater & Bell, as well as the law firm of Meiselman, Farber, Stella & Eberz, counsel for defendant Northern Dutchess, are to be condemned for their shabby and dilatory practice in this case.

view of its own authority to strike insufficient defenses at any point. *Lunsford v. United States*, 570 F.2d 221, 227 n. 11 (8th Cir.1977); *Holzsager v. Valley Hospital*, 482 F.Supp. 629, 631 n. 3 (S.D.N.Y.1979). Such consideration is appropriate in this case because plaintiff could not move to strike based on laches and waiver until defendants had exhibited conduct sufficient to constitute a waiver of their defenses. Because defendants have not timely contested the issue of insufficiency of service of process, the court finds their affirmative defenses relating to personal jurisdiction and statute of limitations insufficient. Accordingly, plaintiff's motion to strike is granted.

## CONCLUSION

Plaintiff's motion to strike the affirmative defenses of insufficiency of service of process and statute of limitations from defendant Jameison's answer and the affirmative defense of lack of personal jurisdiction from defendant Northern Dutchess' answer is granted. Defendants' motions to dismiss the complaint for insufficiency of service of process and as barred by the statute of limitations are denied.

SO ORDERED.