Anne BENVENISTE, Plaintiff,

v.

Gilbert EISEMAN, Defendant.

No. 84 Civ. 5691 (WCC).

United States District Court,
S.D. New York.

April 14, 1988.

Duignan & Cella, New York City (William H. Maloney, Jr., of counsel), for plaintiff.

---

Ivone, Devine & Jensen, Lake Success, N.Y. (Brian E. Lee, of counsel), for defendant.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Defendant Gilbert Eiseman has moved pursuant to Rule 12(b)(5), Fed.R.Civ.P., to dismiss this action on the ground of insufficiency of service of process. For the reasons outlined below, defendant's motion is denied.

Plaintiff Anne Benveniste instituted this medical malpractice action against defendants Gilbert Eiseman and John Kulcsar on August 9, 1984. Plaintiff employed a commercial process server who submitted verified certificates that Eiseman was served by substituted service on his wife on September 19, 1984 and by personal service on October 18, 1984. At a recent hearing on the motion, Eiseman and his wife testified that they were never served.

The law firm of Wilson, Elser, Edelman & Dicker filed an answer on behalf of both defendants on December 13, 1984 which consisted of a general denial of the material allegations of the complaint and multiple affirmative defenses. The seventh affirmative defense stated: "Upon information and belief, this Court has not acquired *in personam* jurisdiction over answering defendants." Eiseman maintains that by inserting this affirmative defense, he preserved the right to contest the service of process upon him.

The attorneys for both plaintiff and defendant Eiseman attended pre-trial conferences before this court on the following dates: November 9, 1984, December 14, 1984, June 14, 1985, November 5, 1985, April 1, 1986, April 18, 1986 and August 5, 1987. Defendant's attorneys did not raise the issue of improper service at any of these conferences spanning approximately three years, and proceeded with pre-trial discovery during this entire period. At the final pre-trial conference on March 15, 1988, after discovery in the case had been completed, and one month before the trial

was set to begin, defendant notified the Court for the first time of its intention to pursue its affirmative defense of lack of proper service.

It is well settled that lack of personal jurisdiction is a privileged defense that can be waived "by failure [to] assert [it] seasonably, by formal submission in a cause, or by submission through conduct." *Neirbo Co. v. Bethlehem Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167 (1939). As noted by the Judge Edelstein of this Court in *Burton v. Northern Dutchess Hospital*, 106 F.R.D. 477, 480–81 (S.D.N.Y. 1985), although Rule 12(h)(1) does not provide a time limit for contesting service of process, other than the 20–day period for filing a responsive pleading, the defense must be pursued in a reasonably timely manner or it is waived. In *Burton*, the Court ruled that defendants had waived the defense of improper service by failing to avail themselves of opportunities to contest the sufficiency of service of process in the three and one-half years that the action was pending, by participating in extensive discovery, and by consenting to a change in venue from Connecticut to the Southern District of New York. The Court stated:

> Defendants have literally complied with Rule 12(h)(1) by asserting the defense of lack of jurisdiction in their answers. These responsive pleadings, however, do not preserve the defense in perpetuity. Defendants are required at some point to raise the issue by motion for the Court's determination. After preserving the jurisdictional defense in their answers, defendants should have sought discovery immediately to ascertain whether service was proper. If they discovered that service was not proper, defendants should have moved at the earliest possible opportunity to dismiss the complaint.

*Id.* at 481; *accord Sims v. Mme. Paulette Dry Cleaners*, 638 F.Supp. 224, 227–28 (S.D.N.Y.1986) (J. Lasker); *Vozeh v. Good Samaritan Hospital*, 84 F.R.D. 143, 144 (S.D.N.Y.1979); *Merz v. Hemmerle*, 90 F.R.D. 566 (E.D.N.Y.1981).

**630**

This reasoning is especially compelling in the case at bar since the unwarranted delay by defendant in pursuing its affirmative defense produces an unfair hardship on plaintiff. Defendant's attorney conceded at the most recent pre-trial conference that it is no longer possible to locate the process server who signed the affidavits of service. Further, it is undisputed that if the case were dismissed now due to the alleged improper service, plaintiff's claim would be barred by the statute of limitations. Given plaintiff's inability to authenticate the service of process due to the passage of time, and the grave consequences which would befall plaintiff if the case were dismissed, the motion to dismiss the complaint on the ground of improper service is denied. To rule otherwise would permit a defendant to lie in wait and ambush the plaintiff on the eve of trial, after years of discovery, at a time when it is too late for plaintiff to refile the claim due to the expiration of the statute of limitations, and it is impossible to prove the service of process.

So ordered.