**Debra L. DONN–GRIFFIN**

v.

**Michael A. DONN.**

Supreme Judicial Court of Maine.

Argued Sept. 10, 1992.
Decided Oct. 26, 1992.

Jon D. Levy (orally), York, for plaintiff.

Dana Prescott (orally), Potter & Prescott, Saco, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

Defendant Michael Donn appeals from a judgment of the Superior Court (York County, *Brennan, J.*) affirming a judgment of the District Court (York, *Crowley, J.*) that increased the amount of child support he must pay. He contends that the District Court lacked personal and subject matter jurisdiction to prospectively modify the amount of support established by a Vermont divorce judgment. We affirm.

The parties were divorced in Vermont in 1984. Subsequently, Debra moved to Maine and Michael moved to Massachusetts. Under the terms of the Vermont divorce judgment, Debra was awarded custody of the parties' two minor children and Michael was ordered to pay her child support. In 1990, Debra registered the foreign divorce judgment in the Maine District Court[1] and filed a motion to amend. She sought an increase in the amount of child support paid by Michael.

Michael filed an objection to Debra's motion. This pleading did not raise a jurisdictional issue. Rather, it asked the court to deny Debra's motion and sought to have the court amend the Vermont divorce judgment on terms proposed by Michael. Shortly thereafter, Michael obtained new counsel who filed a motion to dismiss on the ground that the District Court lacked subject matter jurisdiction. The court denied the motion.

After a hearing on Debra's motion to amend, the court ordered Michael to begin paying an increased amount of child support. Michael appealed to the Superior Court and the District Court's order was affirmed. This appeal followed. We review directly the District Court proceedings. *Department of Human Servs. v. Roy,* 585 A.2d 813, 816 (Me.1991).

## I.

Michael first asserts that the court lacked personal jurisdiction over him, a nonresident defendant. His assertion is without merit. Michael's initial response to Debra's motion before the District Court included a request that the District Court amend the Vermont judgment to provide that the primary physical residence of one of the children be changed to Michael, and to order Debra to pay child support, medical expenses, and Michael's attorney fees. In so invoking the jurisdiction of the court, Michael waived any lack of personal jurisdiction over him. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.8 at 246 (2d ed. 1970); *Schneider v. Schneider,* 555

1. The procedure for registering a foreign divorce judgment is set forth in 19 M.R.S.A. §§ 413–418 (1981). Michael did not object to the registration of the judgment.

N.E.2d 196, 199 (Ind.Ct.App.1990). Moreover, Michael's motion to dismiss was predicated on a lack of *subject matter* jurisdiction, not *personal* jurisdiction. M.R.Civ.P. 12(h) provides that a defense of lack of personal jurisdiction is waived if a defendant does not raise the issue in accordance with the provisions of the rule.[2] Because Michael affirmatively invoked the jurisdiction of the court, and did not raise lack of personal jurisdiction in his motion to dismiss, the issue has been waived and is not before us for review.

### II.

 Michael next argues that the District Court has no authority to prospectively modify a foreign support order. We disagree. A court's subject matter jurisdiction is statutory. In this case, the source of the court's authority is the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), 19 M.R.S.A. §§ 331–420 (1981 & Supp.1991). RURESA includes a procedure for registering a foreign support order,[3] a procedure utilized by Debra. Section 418 explains the effect of registration, providing in pertinent part:

> Upon registration the registered support order shall be treated in the same manner as a support order issued by a court of this State. It has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a support order of this State and may be enforced and satisfied in like manner.

This section clearly states that a foreign support order, once registered, is treated like a support order issued by a Maine court. Under 19 M.R.S.A. §§ 319 and 752 (Supp.1991), the court has authority to modify existing support orders. Since a registered foreign support order is treated like a Maine support order, the court likewise has authority to modify a registered support order. Here, Debra registered the Vermont judgment and then asked the court to modify its provision on child support. On registration, the court had authority to entertain Debra's motion.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** M.R.Civ. P. 12(h)(1) provides:

> A defense of lack of jurisdiction over the person ... is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

> Subsection (g) provides:

> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted....

Pursuant to subsection (g), Michael's contention *that the court lacked personal jurisdiction* should have been combined with his motion to dismiss based on the court's lack of subject matter jurisdiction. A party that does not include an available defense in a motion made under the rule cannot later raise that defense.

