**ORTHOPEDIC PHYSICAL THERAPY CENTER, P.A., et al.**

v.

**SPORTS THERAPY CENTERS, LTD., et al.**

Supreme Judicial Court of Maine.

Argued Feb. 1, 1993.
Decided March 1, 1993.

Paul F. Macri (orally) and William D. Robitzek, Berman & Simmons, Portland, for plaintiff.

Andrew M. Horton (orally) and Charles Harvey, Verrill & Dana, Portland, for Christopher Harkins.

Phillip E. Johnson, (orally) Law Offices of Phillip E. Johnson, Augusta, for Sports Therapy Centers, Ltd.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

Orthopedic Physical Therapy Center (Orthopedic) entered into an oral agreement with Sports Therapy Centers, Ltd. (Sports) providing that Sports would take over Orthopedic's day-to-day management responsibilities of its therapy facilities in Bangor and Augusta. Thereafter, the parties entered into a written contract that Orthopedic alleges incorporated the earlier oral agreement.

Orthopedic filed a complaint against both Sports and its chief executive officer, Christopher Harkins, alleging breach of contract, both oral and written, breach of fiduciary duty, fraud, conversion, negligence, and tortious interference with prospective advantage. Both defendants claimed in their answers that the court lacked personal jurisdiction over them, and then moved to stay the proceedings and to compel arbitration pursuant to the arbitration clause of the written contract, which provided:

*ARBITRATION:* Any and all disputes arising out of, under, in connection with or in relation to this Agreement may be settled by arbitration in the Commonwealth of Virginia before the American Arbitration Association in accordance with its rules then obtaining and judgment upon the aware [sic, award] rendered may be entered in any court having jurisdiction thereof.

The Superior Court (Kennebec County, *Mead, J.*) denied the defendants' motion on the basis that the use of the word "may" in the arbitration clause made arbitration permissive rather than mandatory. Thus, any party to the agreement could avoid arbitration. We vacate the judgment and direct the entry of an order to compel arbitration.

## I.

As a threshold matter, we address the personal jurisdiction issue. In *Donn–Griffin v. Donn*, 615 A.2d 253 (Me.1992), we held that by seeking an order of the court to amend an out-of-state judgment, thereby invoking the jurisdiction of the court, the defendant waived any lack of personal jurisdiction over him. *Id.* at 254. Likewise, the defendants here have invoked the jurisdiction of the court by seeking an order to compel arbitration and by appealing the denial. We conclude that they have waived their challenge to the personal jurisdiction of the court.

## II.

The defendants contend that the trial court erred by interpreting the word "may" in the arbitration clause as permissive in that both parties must agree to the arbitration. We review that question of law *de novo*. *See Granger Northern, Inc. v. Cianchette*, 572 A.2d 136, 138 (Me.1990). The defendants argue that the word "may" as used in the arbitration clause in this case means that arbitration is mandatory if either party demands it within a reasonable time. We agree, and we note that the issue of timeliness has not been raised.

We have recognized the policy in Maine, and elsewhere, favoring arbitration. *See Cape Elizabeth School Bd. v. Cape Eliza-* *beth Teachers Ass'n*, 459 A.2d 166, 168–69 (Me.1983); *Westbrook School Comm. v. Westbrook Teachers Ass'n*, 404 A.2d 204, 207–08 (Me.1979). We also recognize the rule of construction that every clause of a contract be given meaning if possible. Here the arbitration clause would be meaningless if it were construed as permissive. The parties to an agreement can always consent to arbitration as a means of settling their disputes. A permissive arbitration clause is not necessary. We conclude, therefore, that the word "may" in this arbitration clause is mandatory to the extent that once either party pursues arbitration, the other is so bound. *See, e.g., American Italian Pasta Co. v. Austin Co.*, 914 F.2d 1103 (8th Cir.1990); *Ceres Marine Terminals, Inc. v. International Longshoremen's Ass'n, Local 1969, AFL–CIO*, 683 F.2d 242 (7th Cir.1982); *Deaton Truck Line, Inc. v. Local Union 612*, 314 F.2d 418 (5th Cir.1962).

## III.

Orthopedic's argument that the trial court was correct in denying the defendants' motion to compel arbitration because its claims are outside the scope of this arbitration clause is addressed to the wrong forum. It is the arbitrator who should first decide the scope of arbitration pursuant to the contract. Although we have held that "the final decision on the question of substantive arbitrability is the function of the court, not the arbitrator," *Westbrook School Comm.*, 404 A.2d at 207, the arbitrator must initially determine whether the claims fall within the scope of the arbitration clause. The court cannot make such a determination without the benefit of a factual record.

The entry is:

Judgment vacated.

Remanded to the Superior Court with an instruction to enter an order to stay its proceeding and to compel arbitration.

All concurring.