STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-175

TOTAL FITNESS, INC.

Plaintiff

v.

FINLANDIA SAUNA PRODUCTS, INC.
and HARVIA OY,

Defendants

ORDER ON
DEFENDANT'S MOTION
TO DISMISS

DONALD L. GARBRECHT
LAW LIBRARY

DEC 08 2006

Before the Court is Defendant Harvia Oy's ("Harvia") motion to dismiss based on lack of personal jurisdiction.

**FACTUAL BACKGROUND**

Plaintiff Total Fitness, Inc. ("Plaintiff") is a Maine corporation that operates health and fitness centers. One of those clubs was located in Westbrook, Maine. Defendant Finlandia Sauna Products, Inc. ("Finlandia") is an Oregon corporation with its principal place of business in Portland, Oregon. Finlandia sells saunas and other products.

On January 10, 2004 a fire at Plaintiff's Westbrook fitness center caused significant damage and an accompanying loss of business. Officials determined that the fire originated with a sauna heater Plaintiff purchased from Finlandia.

In March 2005 Plaintiff initiated this lawsuit against Finlandia claiming the heater was defectively designed and that this caused the fire. The litigation

1

proceeded until January 2006 when Plaintiff filed an amended complaint adding Harvia as a defendant. Harvia is a Finnish corporation that manufactures sauna products with its principal place of business in Muurame, Finland. Harvia designed and manufactured the product at issue in this case.

Harvia filed its answer on April 20, 2006 asserting a number of affirmative defenses, including the Court's lack of personal jurisdiction. On May 2, 2006, Harvia filed a consented to motion to revise the scheduling order to accommodate the fact that it would not have had sufficient time to prepare for trial under the previous order. On June 5, 2006, Harvia served a request for admissions on Plaintiff. On June 27, 2006, Harvia filed a motion to dismiss based on lack of personal jurisdiction of the Court over Harvia.

## DISCUSSION

### I. Standard of Review

Courts commonly rule on motions to dismiss for lack of personal jurisdiction prior to trial without resort to an evidentiary hearing. *Dorf v. Complastik Corp.*, 1999 ME 133, ¶ 13, 735 A.2d 984, 988. A plaintiff opposing such a motion must base that opposition "on specific facts set forth in the record . . . ." *Id.* "This means that [the] plaintiff must go beyond the pleadings and make affirmative proof." *Id.* (internal quotations omitted). "This showing may be made by affidavit or otherwise." *Id.* When the court decides a motion to dismiss for lack of personal jurisdiction on the pleadings and affidavits of the parties, the plaintiff is only required to make a prima facie case that the court has jurisdiction. *Id.,* ¶ 14, 735 A.2d at 988-89. Under these circumstances, the

2

plaintiff's written allegations of jurisdictional facts are construed in its favor. *Id.*, ¶ 14, 735 A.2d at 989.

## II. Waiver

As a threshold matter, both Plaintiff and Finlandia object to Harvia's motion on the basis that Harvia waived its right to challenge the personal jurisdiction of this Court. Plaintiff first argues that Harvia's motion to dismiss is untimely, pointing to Rule 12(b) of the Maine Rules of Civil Procedure which lists "lack of jurisdiction over the person" as a defense that may be made by motion, as opposed to a responsive pleading. That rule goes on to state that "[a] motion making any of these defenses shall be made before pleading . . . . " M.R. Civ. P. 12(b). Because Harvia filed its answer on April 20, 2006, but did not serve its motion to dismiss until June 26, 2006, Plaintiff argues that Harvia violated Rule 12(b)'s requirements for raising a personal jurisdiction defense.

Plaintiff ignores the first sentence of Rule 12(b) which states that "[e]very defense . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses *may* at the option of the pleader be made by motion." M.R. Civ. P. 12(b) (emphasis added). The rule goes on to list lack of personal jurisdiction as a defense that may be made by motion. The rule explicitly states that lack of personal jurisdiction may be raised in a responsive pleading, as was done by Harvia in its answer. It is only when a party chooses to raise personal jurisdiction initially by motion that 12(b) requires that this motion precede the responsive pleading. Plaintiff cites no authority other than the excerpted language of Rule 12(b) as support for its proposition. In fact, one case

cited by Plaintiff militates against its interpretation. *See Burton v. N. Dutchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y. 1985) (stating in situation where party first filed an answer under federal rules, which are identical in relevant respects to the Maine rules on this subject, raising personal jurisdiction and later filed a motion to dismiss that "[d]efendants have literally complied with Rule 12(h)(1) by asserting the defense of lack of jurisdiction in their answers").

Contrary to Plaintiff's argument, "[i]f the answer is the first paper filed, lack of jurisdiction over the person may be included in the answer" and then later argued in a motion to dismiss. RICHARD H. FIELD, VINCENT L. MCKUSICK & L. KINVIN WROTH, MAINE CIVIL PRACTICE § 12.8 (2d ed. 1970). Plaintiff's argument would render Rule 12(b)'s instruction that defenses that may be raised in a motion to dismiss may be first raised in a responsive pleading a nullity. Therefore, based on the plain language of Rule 12(b), Harvia did not waive its personal jurisdiction defense by not filing a motion to dismiss prior to its answer.

Both Plaintiff and Finlandia also argue that Harvia has waived the right to raise lack of personal jurisdiction as a defense by its participation in this litigation. Lack of jurisdiction over the person may be waived if the defendant itself invokes the jurisdiction of a court. *Donn-Griffen v. Donn*, 615 A.2d 253, 254 (Me. 1992) (citing RICHARD H. FIELD, VINCENT L. MCKUSICK & L. KINVIN WROTH, MAINE CIVIL PRACTICE § 12.8 (2d ed. 1970); *See also Orthopedic Physical Therapy Ctr., P.A. v. Sports Therapy Ctrs., LTD.*, 621 A.2d 402, 403 (Me. 1993) (concluding that "defendants here have invoked the jurisdiction of the court by seeking an order to compel arbitration and by appealing the denial . . . [and therefore] have

waived their challenge to the personal jurisdiction of the court"); *Donn*, 615 A.2d at 254 (holding in a child custody and support dispute that defendant, in asking the court to grant him primary residence of one of his children as well as to order his former spouse to pay child support, medical expenses, and his attorney fees, had invoked the court's jurisdiction and waived any personal jurisdiction defense); *Jackson v. Weaver*, 1995 Me. Super. LEXIS 276, *6-8 (August 3, 1995) (holding where defendant "had obtained the benefit of completed blood testing, mediation and court ordered continuances . . . [that defendant had by] "obtain[ing] the benefits of the court's jurisdiction throughout the preliminary proceedings . . . waived his right to assert the court's lack of jurisdiction . . . . " ); *Burton*, 106 F.R.D. at 481 (noting that, "defendants consent[ing] to the establishment of a discovery schedule and then engag[ing] in extensive discovery with the plaintiff [as well as] . . . repeatedly join[ing] plaintiff in requests for extensions of the discovery period . . . is inconsistent with defendants' assertion that the court lacks personal jurisdiction over them")).

Plaintiff argues that Harvia has been an "active participant" in this litigation. Specifically, Plaintiff points to Harvia's motion to revise the Court's scheduling order as evidence of its intention to conduct discovery, retain expert witnesses and otherwise participate in this litigation. Further, Plaintiff argues that by serving a request for admissions upon Plaintiff, Harvia "clearly manifested its intent to participate in the ongoing litigation [and] . . . submitted to the jurisdiction of this Court."

Contrary to the assertions of Plaintiff and Finlandia, Harvia has not

participated in this litigation to such a point that it has waived personal jurisdiction. The cases demonstrate that extensive participation is necessary before such waiver is imposed. Unlike cases where a court has found that a defendant waived personal jurisdiction, Harvia has not asked the Court to compel arbitration, grant it any affirmative relief, engaged in extensive discovery, or repeatedly asked for extensions of discovery deadlines. Rather, Harvia, upon being brought into this litigation ten months after its initiation, merely filed a motion to revise the Court's scheduling order to provide time to fully conduct discovery if necessary. This, and later requests for admissions, are not sufficient actions invoking the jurisdiction of this Court such that it is incongruous to now permit Harvia to raise a personal jurisdiction defense.

## III. Personal Jurisdiction

Maine's "long-arm" statute authorizes jurisdiction over nonresidents with "certain significant minimal contacts with this State . . . to the fullest extent permitted by the due process clause of the United States Constitution, 14th amendment." 14 M.R.S.A. § 704-A(1). The statute states:

> [a]ny person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts.

14 M.R.S.A. § 704-A(2). Those acts include:

> A. The transaction of any business within this State;
> B. Doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State; . . .
> F. Contracting to supply services or things within this State; [or] . . .
> I. Maintain[ing] any other relation to the State or to persons or property which affords a basis for the exercise of jurisdiction by the

courts of this State consistent with the Constitution of the United States.

14 M.R.S.A. § 704-A(2). The Law Court interpreted this statute in light of the due process clause as necessitating three requirements before Maine's courts may assert personal jurisdiction over a nonresident defendant. "(1) Maine [must] have a legitimate interest in the subject matter of this litigation; (2) the defendant, by his conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." *Murphy v. Keenan*, 667 A.2d 591, 593 (Me. 1995). Plaintiff has the burden of satisfying the first two elements. *Id.* at 594. If Plaintiff meets its burden, it is then for Defendant to show that jurisdiction would not "comport with traditional notions of fair play and substantial justice." *Id.*

### A. Does Maine Have a "Legitimate Interest" in this Litigation?

"Maine certainly has an interest in providing its citizens with a means of redress against nonresidents," *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1191 (Me. 1993), but "an interest beyond mere citizenry is necessary" for Maine to assert jurisdiction over a nonresident defendant, *Murphy*, 667 A.2d at 594. Such interests include "protection of its industries, the safety of its workers, or the location of witnesses . . . within its border." *Id.*

Harvia argues that Maine has no legitimate interest in this litigation as it relates to Harvia because of Harvia's claimed "utter lack of contacts, dealings, communications, or activities of any kind in Maine." The nature and quantity of Harvia's contacts with Maine are a matter of much dispute, but appear to be irrelevant to the "legitimate interest" prong of the personal jurisdiction test. This

7

prong requires an analysis of whether Maine has any reason to be involved in the litigation other than that one of its citizens is the plaintiff. Plaintiff correctly argues that Maine has an interest in this litigation. The situs of the fire damage is Maine. Because the fitness center is a part of the fitness industry in Maine, and because it employs Maine workers, Maine has an interest in protecting that industry and those workers. *See id.* Further, although Harvia is located in Finland, and Finlandia is located in Oregon, the fire and subsequent investigation occurred in Maine. As such, Maine is the location of many of the witnesses likely to be crucial to this case. All these factors demonstrate that Maine has a legitimate interest in this litigation.

### B. Could Harvia Have Reasonably Anticipated Litigation in Maine?

For this prong of the analysis, due process demands that "one must purposefully avail oneself of the privilege of conducting activities within the jurisdiction and benefit from the protection of its laws." *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 16, 861 A.2d 662, 667. Such purposeful availment constitutes sufficient "minimum contacts" for a defendant to "have 'reasonably anticipated' being haled into court in Maine." *Boit v. Gar-Tec Products*, 967 F.2d 671, 679 (1st Cir. 1992). An act that would have created sufficient minimum contacts for jurisdiction if done by a defendant is sufficient if done by a defendant's agent. *See Sohn v. Bernstein*, 279 A.2d 529, 538 (Me. 1971), 14 M.R.S.A. § 704-A(2). In product liability actions, "[t]he bare assertion that [a] nonresident put its defective product 'into the stream of commerce,' without more, is insufficient [for Maine courts to assert personal jurisdiction]." *Id.* Rather, "it must

appear the nonresident intentionally and actively participated in the act or activity that put the defective article in Maine." *Id.*

In one case where a nonresident manufacturer had sufficient minimum contacts for a federal district court in Maine to assert personal jurisdiction, the manufacturer had no sales agent, no offices, and did not directly market to any customers in Maine. *Unicomp v. Harcros Pigments Inc.*, 994 F. Supp. 24, 28 n.6 (D. Me. 1998). The manufacturer, however, supplied its products to several distributors throughout New England and the mid-Atlantic region and had knowledge that the distributors' sales territories included Maine. *Id.* at 27. In that case, the court held that "by arranging to have a distributor, if not several of them, whose sales territory will include the forum state, a manufacturer evinces at the very least an *intent* to serve the market in the forum state." *Id.* The court also noted that "[t]he function of the purposeful availment requirement is to ensure that a nonresident defendant is not haled into the forum based on 'random, isolated or fortuitous' contacts[, but there is] . . . nothing random, isolated, or fortuitous about a manufacturer's relationships with distributors whose sales territories include the forum state." *Id.*

In contrast, in a breach of contract case where a Maine court could not assert jurisdiction, "[t]he only contacts between the Defendant and the State of Maine arose from the purchase of the [product at issue from a Maine manufacturer]." *Architectural Woodcraft Co. v. Read*, 464 A.2d 210, 212-13 (Me. 1983). Specifically, the defendant had never conducted business in Maine other than its purchase of a spiral staircase from the plaintiff. *Id.* at 212. While the

defendant "communicated with the Plaintiff by telephone and mail with respect to [his] order," the court held "the existence of a single contract with a resident plaintiff coupled with the use of interstate communications does not establish a basis for asserting jurisdiction over a nonresident defendant." *Id.* at 213.

The parties dispute whether Finlandia is a "distributor" of Harvia products. Although Finlandia has no exclusive deal with Harvia to sell Harvia's products, the continuing relationship under which Harvia sells its products to Finlandia for resale in the United States market appears to be sufficient to qualify Finlandia as a distributor. It is not necessary, however, to decide this issue conclusively as Finlandia is cloaked in apparent authority to act as Harvia's agent.

"Apparent authority is the power to affect the legal relations of another person by transactions with third persons professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons." RESTATEMENT (SECOND) OF AGENCY § 8 (1958). Such a manifestation can come in the form of "documents or other indicia of authority given by the principal to the agent" that are likely to induce a third party to believe that the apparent agent is authorized to act for the principal. RESTATEMENT (SECOND) OF AGENCY § 27 cmt. a. The owner's manual provided with Harvia products sold through Finlandia indicates that Finlandia is Harvia's "agent/Importer." Harvia drafted this owner's manual. (*See* Tarkiainen Dep. at 66.) This identification of Finlandia as its agent on its product's owner's manual, in context, is sufficient to

cloak Finlandia in apparent authority to act as its agent.[1] Because Finlandia had apparent authority as Harvia's agent, and because specific jurisdiction over Finlandia in this case is undisputedly appropriate in this case, jurisdiction over Harvia is also appropriate based on the apparent agency relationship between the two companies. *See Sohn*, 279 A.2d at 538.

Beyond mechanical application of the rule that minimum contacts of an agent are imputed to a principal, however, comparing this case and similar cases demonstrates that jurisdiction is appropriate. Like in *Unicomp*, Harvia provided its products to an intermediary seller, in this case Finlandia, which had a sales territory including Maine. There is nothing in the record to indicate whether Harvia had actual knowledge that Finlandia distributed its products in Maine. The record, however, does show that Finlandia and Harvia had a continuing business relationship under which Finlandia sold heaters of the same model as the one at issue in this case since 1993. (Tarkiainen Dep. at 28.) It also demonstrates that Plaintiff had ordered products from Finlandia on multiple occasions. This pattern of Finlandia selling products in Maine shows that Harvia's contacts with Maine are not "random, isolated or fortuitous." Unlike in *Read*, this is not a situation where Harvia's only contact with Maine is through a single transaction with a Maine resident. Finlandia has sold products in Maine on multiple occasions. Because of this, Harvia knew, or should have known that

---

[1] There is insufficient evidence, however, to show that Finlandia had actual authority to act as Harvia's agent. For an agency relationship to exist, there must be consent by the agent to act for the benefit and under the control of a principal. *J & E Air, Inc. v. State Tax Assessor*, 2001 ME 95, ¶ 14, 773 A.2d 452, 456. There is no allegation that Finlandia carried out its business activities for the benefit of Harvia, nor is there evidence that Harvia had control over how Finlandia conducted its business.

Finlandia might sell Harvia products in Maine. Harvia cannot reap the benefits of sales made by an intermediary that repeatedly conducts business with Maine residents and then claim it has not purposefully availed itself of the benefits of doing business here.

**C. Does Jurisdiction Comport With Traditional Notions of Fair Play and Substantial Justice?**

Under this prong of the due process test, the Court considers all the facts of the case. *Harriman v. Demoulas Supermarkets, Inc.*, 518 A.2d 1035, 1038 (Me. 1986). Specifically, "the burden on the defendant is to be compared with factors such as 'the forum State's interest in adjudicating the dispute, . . . the plaintiff's interest in obtaining convenient and effective relief . . . the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of . . . States in furthering fundamental substantive social policies.'" *Mahon v. East Moline Metal Products*, 570 A.2d 255, 256 (Me. 1990) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

In weighing these factors, traditional notions of fair play are not violated by Maine courts exercising jurisdiction over Harvia. As stated earlier, Maine has an interest in providing a forum for Plaintiff to assert its claim against Harvia for damages suffered in the State. In addition, because Plaintiff is a part of the fitness industry in Maine and employs Maine citizens, the State has an interest in seeing that this industry and its employees are protected. Lastly, as the site of the fire that led to this lawsuit, Maine has an additional interest in this litigation as the probable location of many of the witnesses and other sources of evidence.

Plaintiff's interest in obtaining convenient and effective relief is closely

correlated with the judicial system's interest in obtaining efficient resolution of controversies. This case already had significant effort invested in it by Plaintiff and Finlandia before Harvia was added. The parameters for how the litigation is going to proceed with Harvia as a party have already been established through a revised scheduling order. Further, if the case were to proceed without Harvia, it could be necessary for Plaintiff to initiate a new proceeding in Finland. Such litigation would involve a forum where few of the witnesses reside and which has little connection to the facts giving rise to the litigation. This would be an extremely inconvenient method of seeking relief for Plaintiff and would be a highly inefficient resolution to the case. Further, while it is inconvenient for Harvia to defend litigation in Maine, this would be true of any forum in the United States. When balancing this against the alternative of forcing Plaintiff to sue Harvia in Finland, Harvia has not shown that defending in Maine is "so gravely difficult and inconvenient that [it] would be at a severe disadvantage in comparison to [plaintiff]." *Caluri v. Rypkema*, 570 A.2d 830, 833 (Me. 1990).

The entry is:

> Defendant's motion to dismiss due to lack of personal jurisdiction is DENIED.

Dated at Portland, Maine this _12th_ day of _____, 2006.

Robert E. Crowley
Justice, Superior Court

13

SALLY A BOURGET CLERK
CUMBERLAND COUNTY SUPERIOR COURT
PO BOX 287
PORTLAND ME 04112

**First Class Mail**

**First Class Mail**







JENNIFER ARCHER ESQ
KELLY REMMEL & ZIMMERMAN
PO BOX 597
PORTLAND ME 04112-0597

SALLY A BOURGET CLERK
CUMBERLAND COUNTY SUPERIOR COURT
PO BOX 287
PORTLAND ME 04112

First Class Mail
First Class Mail
First Class Mail

MICHAEL KAPLAN ESQ
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
PO BOX 9546
PORTLAND ME 04112-9546

SALLY A BOURGET CLERK
CUMBERLAND COUNTY SUPERIOR COURT
PO BOX 287
PORTLAND ME 04112

First Class Mail

First Class Mail

SUSAN DRISCOLL ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME 04043