Alexander BRISK, Plaintiff,

v.

**CITY OF MIAMI BEACH, FLORIDA; Kenneth Glassman, Chief of Police of the City of Miami Beach; Lt. Steven David Robbins; Sgt. Joseph Brownlow; John Krolak; Samuel Azicri; Kevin Graham; and Armando Torres, Defendants.**

No. 88–2402–Civ.

United States District Court,
S.D. Florida,
Miami Division.

April 7, 1989.

---

Isaac J. Mitrani, Mitrani, Rynor & Gallegos, Miami, Fla., for plaintiff.

David Kleinberg, Gaebe, Murphy & Mullen, Coral Gables, Fla., for defendants.

### ORDER

NESBITT, District Judge.

On December 23, 1988 Plaintiff Alexander Brisk filed a seven-count complaint against the City of Miami Beach, its chief of police, and various police officers based on events arising from a traffic stop in January 1987. On January 18, 1989 the City of Miami Beach and the chief of police filed a motion to dismiss counts III, V, and VII for failure to state a claim (Fed.R.Civ. P. 12(b)(6)). On January 13, 1989, five days before the motion to dismiss was filed, opposing counsel was served with an answer on behalf of all of the defendants. For unknown reasons, however, that answer was not filed with the court until March 30, 1989.

Federal Rule of Civil Procedure 12(b) provides that a motion raising any of seven enumerated defenses to a complaint "shall be made *before* pleading if a further pleading is permitted" (emphasis added). In this case, the motion to dismiss and the answer bear the same certificate of service date, even though the answer was not filed with the Court until more than two months later. The Court assumes that the defendants intended the motion and the answer to be filed contemporaneously, but that the answer somehow "slipped through the cracks."

■ Under the unambiguous, mandatory language of Rule 12(b), a motion to dismiss must be made before an answer is filed. There is a line of cases suggesting that courts should allow the contemporaneous filing of a motion to dismiss and an answer if the grounds for the motion are also raised as affirmative defenses. *See, e.g., Beary v. West Pub. Co.,* 763 F.2d 66, 68 (2d. Cir.1985); *Zebrowski v. Denckla,* 630 F.Supp. 1307, 1308 n. 1 (E.D.N.Y.1986); *Martin v. Delaware Law School,* 625 F.Supp. 1288, 1296 n. 4 (D.Del.1985); *In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398, 413 (E.D.Pa.1981). The Court finds, however, that the better-reasoned rule is that the proper vehicle for challenging a complaint after an answer has been filed is a motion for judgment on the pleadings, as permitted by Rules 12(c) and 12(h)(2). *See Republic Steel Corp. v. Pennsylvania Eng. Corp.,* 785 F.2d 174, 182 (7th Cir.1986); *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980); *Paul v. McGhee,* 577 F.Supp. 460, 462 (E.D.Tenn. 1983); *Angleton v. Pierce,* 574 F.Supp. 719, 723 n. 1 (D.N.J.1983). Once the defendants filed their answer, it became procedurally impossible for the Court to rule on the motion to dismiss. *See* 5 Wright & Miller, Federal Practice and Procedure: Civil § 1361 (motions made after responsive pleading are technically not 12(b) motions). A motion to dismiss challenges the sufficiency of the allegations within the complaint; an answer admits or denies those allegations and raises any available affirmative defenses.

Therefore, the Court finds that the motion to dismiss has been rendered moot by the filing of an answer. The Court will, however, address the arguments made in the motion as if they had been properly raised in a motion for judgment on the

**1148**

pleadings. The Court recognizes that the distinction may seem to be a mere technicality, but the Federal Rules are the primary tool with which the Court, and the parties, can effectively manage and streamline the litigation process. Adherence to both the letter and the spirit of the rules is in the best interests of the parties and will promote judicial economy and efficiency.

 The City of Miami Beach and its chief of police challenge those counts of the complaint that attempt to hold them vicariously liable for torts allegedly committed by individual officers. The defendants contend that Fla. Stat. § 768.28(9)(a) prohibits vicarious liability for intentional torts such as assault and battery. The Florida courts have rejected this contention. *See Maybin v. Thompson,* 514 So.2d 1129, 1131 (Fla. 2d DCA 1987); *Richardson v. City of Pompano Beach,* 511 So.2d 1121, 1123 (Fla. 4th DCA 1987) (statute retains governmental immunity where employee's conduct is "much more reprehensible and unacceptable than mere intentional conduct"); *Hennagan v. Department of Highway Safety and Motor Vehicles,* 467 So.2d 748, 750–51 (Fla. 1st DCA 1985) (same result under predecessor statute). The exact nature of the officers' conduct in this case, and the question of whether they were acting outside the scope of their employment raise questions of fact that defeat defendants' motion for judgment on the pleadings. *See Maybin,* 514 So.2d at 1131.

Finally, one last procedural quirk needs to be clarified. On March 27, 1989 Plaintiff filed a motion seeking leave to file an amended complaint. Because Defendants' answer was not timely filed with the Court, this case is now in an odd procedural posture. Plaintiff's counsel had been served with the answer and therefore filed a motion seeking leave to amend pursuant to Fed.R.Civ.P. 15(a); however, because no answer had yet been filed with the court, it seemed that Plaintiff was still permitted to amend his complaint without leave of court. Out of an abundance of caution, the Court will grant Plaintiff's motion, even though the docket sheet in this case reflects that the motion was filed before the answer.

For the above-stated reasons, it is hereby

ORDERED and ADJUDGED that Defendants' motion for judgment on the pleadings is DENIED, and Plaintiff's motion for leave to amend is GRANTED. The amended complaint attached to this order shall be deemed filed as of today's date. This cause will be set for trial by separate order.

DONE and ORDERED.