Joseph COLLINS et al.

v.

**FAIRWAYS CONDOMINIUMS
ASSOCIATION et al.**

No. 90–480–Appeal.

Supreme Court of Rhode Island.

June 7, 1991.

Joseph E. Marran, Jr., Pawtucket, for plaintiffs.

Joseph C. Salvadore, Providence, for defendants.

## OPINION

PER CURIAM.

This matter came before the court on May 8, 1991. The parties were directed to show cause why the issues raised by this appeal should not be summarily decided. The plaintiffs are appealing the grant of the defendants' motion to dismiss for failure to state a claim upon which relief may be granted, under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure.

The plaintiffs are condominium owners in the town of North Kingstown, Rhode Island. A fire occurred on January 13, 1987. In January of 1990 plaintiffs instituted the instant action against the condominium association's fire insurer, alleging that they are insured as third-party beneficiaries. The complaint sought to recover compensatory damages for their individual fire losses and a G.L.1956 (1985 Reenactment) § 9–1–33 claim for bad-faith failure to pay under the insurance policy.

The defendants filed an answer raising the statute of limitations as an affirmative defense. The defendants then made a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. The Superior Court justice granted the motion. The plaintiffs' two grounds of appeal are that (1) it is not procedurally proper for a defendant to make a Rule 12(b)(6) motion after he has filed his answer, and (2) the applicable statute of limitations on a § 9–1–33 claim (Insurer's Bad Faith Refusal to Pay a Claim Under Any

Insurance Policy) is ten years under § 9–1–13(a), the Rhode Island residuary statute of limitations.

Rule 12(b) states that any motion made thereunder must be made before a party submits his or her pleadings on a case. "A strict interpretation of the timing * * * language [of Rule 12(b)] leads to the conclusion that the court must deny any motion made after a responsive pleading as being too late. However, courts have allowed untimely motions if the defense has been previously included in the answer." 5A C. Wright & A. Miller, *Federal Practice and Procedure:* Civil 2d § 1361 at 445–46 (West 1990).

■ In any event a trial justice may properly treat a Rule 12(b)(6) motion brought after the joinder of issue as a Rule 12(c) motion for judgment on the pleadings. *See id.* at § 1369 at 532; *see also Republic Steel Corp. v. Pennsylvania Engineering Corp.,* 785 F.2d 174, 182 (7th Cir.1986). A Rule 12(c) motion is tantamount to a Rule 12(b)(6) motion, and the same test is applicable to both, that is, is it clearly apparent that the plaintiff can prove no set of facts to support the complaint. *Ashland Oil, Inc. v. Arnett,* 656 F.Supp. 950, 954 (N.D. Ind.1987), *aff'd in part, rev'd in part on other grounds,* 875 F.2d 1271 (7th Cir. 1989); *Parente v. Southworth,* 448 A.2d 769, 771 (R.I.1982). Accordingly, plaintiffs' assertion that we should reverse defendants' judgment because defendants filed their Rule 12(b)(6) motion *after* joinder of issue is without merit and we reject it summarily.

■ With respect to the substance of plaintiffs' arguments, they raise a novel issue that this jurisdiction has not decided. Rhode Island law mandates that various insurance policies must contain certain provisions. *See, e.g.,* G.L.1956 (1989 Reenactment) § 27–5–3 (fire insurance policies); G.L.1956 (1989 Reenactment) § 27–18–3 (accident and sickness policies). There are

different statutes of limitations for different types of policies. *See, e.g.,* § 27–5–3 lines 157–161 (one-year limitation on fire insurance policies); § 27–18–3 paragraph 11 (three-year limitation on accident and sickness policies). We need not decide whether a bad-faith action brought under § 9–1–33, collateral to a suit on the insurance policy itself, borrows the limitation period applicable to the underlying policy action or whether the bad-faith claim has its own ten-year-limitation period under § 9–1–13. We also need not decide the question of when a bad-faith action accrues, *see, e.g. Blanchard v. State Farm Mutual Ins. Co.,* 575 So.2d 1289, 1291 (Fla. 1991), because plaintiffs executed a general, all-encompassing release when they settled their insurance claims. The release absolved defendants "of and from any and all actions, causes of action, claims, demands, damages, costs, expenses, compensatory, incidental, consequential and/or punitive damages, or any other thing whatsoever on the account of or in any way growing out of the [underlying] claim." This language clearly released defendants from any § 9–1–33 bad-faith claim.

This court ordered the plaintiffs to show cause why their appeal should not be summarily decided. The defendants, who had not appealed, were also ordered to show cause why the plaintiffs' appeal should not be summarily decided.

Cause has not been shown by either the plaintiffs or the defendants. The plaintiffs' appeal is denied and dismissed. The judgment of the Superior Court is hereby affirmed.