Jeanne SILVIA

v.

Jessie J. TRYBA.

No. 93–544–Appeal.

Supreme Court of Rhode Island.

Oct. 17, 1994.

Francis Gaschen, Pawtucket.

Patricia Shaw, John R. Mahoney, Providence.

ORDER

This matter came before the Supreme Court for oral argument pursuant to an order directing both parties to appear and to show cause why the issues raised in this appeal should not be summarily decided. In this case the plaintiff has appealed from an order granting the defendant's motion to dismiss plaintiff's suit in this personal injury action. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

On May 6, 1992, exactly three years after the cause of action arose, the plaintiff, a Rhode Island resident, filed a complaint in the Superior Court in Rhode Island seeking damages for injuries arising out of an automobile accident. The accident had occurred in Webster, Massachusetts. The defendant was and continues to be a resident of the commonwealth of Massachusetts. The plaintiff's attorney filed an affidavit stating that he had sent by certified mail a copy of the summons and complaint to defendant's address in Massachusetts. The plaintiff also had served a copy of the summons and complaint on the Registrar of Motor Vehicles in accordance with the provisions of G.L.1956 (1982 Reenactment) § 31–7–7, the long arm statute, so called.

In her answer, the defendant asserted the defense of lack of personal jurisdiction under Super.R.Civ.P. 12(b)(2) and (5). The defendant then filed a motion to dismiss arguing correctly that § 31–7–7 does not apply to the circumstances out of which this claim arose. The trial justice continued the motion to dismiss to allow the plaintiff to undertake discovery to determine whether the Superior Court did have personal jurisdiction over the defendant by way of defendant's contacts with this state or otherwise. Subsequently, the defendant came to Rhode Island for a deposition in response to plaintiff's notice of deposition to be taken at her attorney's office in Rhode Island. At the end of the deposition the defendant was personally served with a summons and complaint in this action. After further hearing, the trial justice entered an order granting the defendant's motion to dismiss. The plaintiff filed a timely appeal.

The court would first note that G.L.1956 (1982 Reenactment) § 31–7–7 applies only to accidents that occur in Rhode Island involving nonresident motorists. It has no application to this case.

The court is of the opinion that at the time defendant was personally served with process, she was in Rhode Island in further pursuit of her challenge of Rhode Island's personal jurisdiction over her. Service upon her at that time was invalid. In our opinion it violates all notions of "substantial justice and fair play." *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Furthermore, the record is devoid of any act by the defendant appellee, which could be considered as purposefully availing herself of the privilege of conducting any activities in this state that would constitute the minimum contacts necessary to subject her to our laws for the purpose of this suit. *Ben's Marine Sales v. Sleek Craft Boats*, 502 A.2d 808 (R.I.1985).

For these reasons the plaintiff's appeal is denied and dismissed, the order of dismissal appealed from is affirmed and the papers of the case are remanded to the Superior Court.