**Ida L. HALL et al.**

v.

**Steve KUZENKA et al.**

**No. 2002–153–Appeal.**

Supreme Court of Rhode Island.

March 19, 2004.

Donald A. Woodbine, Esq., for Plaintiff.

Richard A. van Tienhoven, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., and FLANDERS, GOLDBERG, FLAHERTY and SUTTELL, JJ.

## OPINION

WILLIAMS, Chief Justice.

The plaintiffs, Ida L. Hall (Ida) and Roger Hall (Roger)[1] (collectively plaintiffs), appeal from a Superior Court judgment granting the defendant's, Brad W. McMenamon (defendant), motion to dismiss for lack of personal jurisdiction. The plaintiffs contend that the defendant's motion to dismiss for lack of personal jurisdiction is untimely because he filed it after filing his answer to the plaintiffs' complaint, even though the defendant previously raised lack of personal jurisdiction in his answer and that the motion justice, therefore, erred in granting the motion. For the reasons indicated herein, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

The plaintiffs allege that in September 1997 Ida was injured when the car in which she was riding collided with a car that defendant was driving.[2] The accident occurred in the town of Methuen, Massachusetts. The defendant is a Massachusetts resident who has never resided in or owned property in Rhode Island, and who further has no business or financial contacts in Rhode Island.

In August 2000, plaintiffs brought a negligence suit against defendant, seeking damages for personal injuries and loss of consortium. The defendant filed his answer in September 2000. In his answer, defendant averred that the Superior Court did not have personal jurisdiction over him. Subsequently, in December 2000, defendant reasserted his challenge to the court's personal jurisdiction by filing a motion to dismiss pursuant to Rule 12(b)(2) of the Superior Court Rules of Civil Procedure. The scheduled hearing on defendant's motion was continued several times, and no action was taken on the original motion. In September 2001, defendant filed a renewed Rule 12(b)(2) motion to dismiss. This renewed motion invited the motion justice, in the alternative, to treat the motion as either: (1) a motion for judgment on the pleadings pursuant to Rule 12(c), (2) a request for a preliminary hearing under Rule 12(d), or (3) a motion for summary judgment under Rule 56 of the Superior Court Rules of Civil Procedure. Without specifying what subdivision of Rule 12 he relied on, the motion justice granted defendant's motion to dismiss and entered a partial final judgment for defendant in accordance with Rule 54(b) of the Superior Court Rules of Civil Procedure.[3]

## II

### Timing

■ The plaintiffs first argue that defendant's motion was procedurally flawed, and that the motion justice, therefore,

---

1. The Court means no disrespect by calling plaintiffs by their first names. We do so only to avoid confusion.

2. Steve Kuzenka was driving the car in which plaintiff was riding. Kuzenka is also a named defendant in this case, but judgment has not been entered as to him and he is not a party to this appeal.

3. Rule 54(b) of the Superior Court Rules of Civil Procedure provides in pertinent part: "When more than one claim for relief is presented in an action * * * the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment."

erred in dismissing the case. Specifically, plaintiffs assert that Rule 12(b) prohibits a defendant from filing a motion challenging the court's personal jurisdiction after filing an answer. The defendant counters by arguing that, although a literal reading of Rule 12(b) indicates that a motion filed after the answer is untimely, courts have consistently allowed such motions as long as the Rule 12(b) defense was previously raised in the answer.

> Rule 12(b) provides in part:
>
> "Every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in a responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party. A motion making any of these defenses shall be made before pleading if a further pleading is permitted."

With respect to motions filed under Rule 12(b)[4] generally, we have ruled that a court may consider a post-answer motion raising a defense that was asserted in the answer. *Collins v. Fairways Condominiums Association*, 592 A.2d 147, 148 (R.I.1991) (per curiam). In *Collins*, the defendants filed a motion to dismiss under Rule 12(b)(6) for the plaintiffs' failure to state a claim upon which relief could be granted after filing an answer to the plaintiffs' complaint. *Collins*, 592 A.2d at 147. This Court acknowledged that "[a] strict interpretation of the timing * * * language [of Rule 12(b)] leads to the conclusion that the court must deny any motion made after a responsive pleading as being too late." *Collins*, 592 A.2d at 148 (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure:* Civil 2d § 1361 at 445–46 (West 1990)). Nevertheless, we considered the defendant's motion, stating that, "courts have allowed untimely motions if the defense has been previously included in the answer." *Id.* (quoting 5A Wright & Miller, § 1361 at 445–46). This Court then considered the defendant's Rule 12(b)(6) motion to be a Rule 12(c) motion for judgment on the pleadings. *Collins*, 592 A.2d at 148.

 In his commentary on Rule 12(b), Professor Kent does not expressly preclude the filing of a Rule 12(b) motion based on a defense already asserted in the answer to a complaint. 1 Kent, *R.I. Civ. Prac.* § 124 (1969). This Court's refusal to reject the defendant's motion in *Collins* is in accordance with interpretations given to the analogous federal rule. "[W]here the Federal rule and our state rule are substantially similar, we will look to the Federal courts for guidance or interpretation of our own rule." *Heal v. Heal*, 762 A.2d 463, 466–67 (R.I.2000). Rhode Island

---

**4.** As Rule 12(b) of the Superior Court Rules of Civil Procedure makes clear, a party is not required to raise a Rule 12(b) defense by motion. Rather, a Rule 12(b) defense may, "at the option of the pleader," be raised either by motion or by answer. As Professor Kent notes:

> "Rule 12(b) provides that *every* defense, in law or fact, shall be asserted in the defendant's answer, subject to his option to raise certain enumerated defenses by mo-

tion prior to serving his answer. The defendant is under no obligation to make such a motion, for there is literally no defense that he cannot include in his answer, and no defense is waived by being joined with any other." 1 Robert Kent, *R.I. Civ. Proc.* § 12.4 at 109–10 (1969).

Thus, defendant's decision to raise the defense of personal jurisdiction in his answer to plaintiffs' complaint was entirely appropriate and in accordance with Rule 12(b).

Rule 12(b) is nearly identical to Rule 12(b) of the Federal Rules of Civil Procedure.[5] Therefore, we will follow the federal courts' construction of that rule "unless there is a 'strong reason' to reject such construction." *Iorio v. Chin,* 446 A.2d 1021, 1022 (R.I.1982) (quoting *Laliberte v. Providence Redevelopment Agency,* 109 R.I. 565, 575, 288 A.2d 502, 508 (1972)).

Discussing the federal rule, Wright and Miller explain that although a strict interpretation of the timing provision of Federal Rule 12(b) "leads to the conclusion that the court must deny any motion made after a responsive pleading as being too late. * * * [Federal] courts have allowed untimely motions if the defense has been previously included in the answer." 5A Wright & Miller, § 1361 at 445–46. *See also, e.g., Puckett v. United States,* 82 F.Supp.2d 660, 663 (S.D.Tex.1999); *Molnlycke Health Care AB v. Dumex Medical Surgical Products Ltd.,* 64 F.Supp.2d 448, 449 n. 1 (E.D.Pa.1999); *Stein v. Kent State University Board of Trustees,* 994 F.Supp. 898, 902 (N.D.Ohio 1998); *Gerakaris v. Champagne,* 913 F.Supp. 646, 650–51 (D.Mass.1996).

This logic has been extended to untimely filed Rule 12(b) motions raising lack of personal jurisdiction. In *In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398, 413 (E.D.Pa.1981),[6] the defen-

dant filed a motion to dismiss for lack of personal jurisdiction after filing an answer that specifically raised the defense. The Pennsylvania district court considered the motion, stating that it refused to give a literal and restrictive interpretation to the timing provision of Rule 12(b). Thus, the court declined to require that a Rule 12(b) motion "precede the filing of a responsive pleading * * * [if] the very defense of lack of personal jurisdiction is contained in the responsive pleading as * * * [an] affirmative defense." *In re Arthur Treacher's,* 92 F.R.D. at 413; *see also Royal Globe Insurance Co. v. Logicon, Inc.,* 487 F.Supp. 1245, 1247 n. 6 (N.D.Ill.1980); *Majerus v. Walk,* 275 F.Supp. 952, 954–55 (D.Minn. 1967).

We find wisdom in the above-cited federal cases. We promote judicial economy by allowing a party to file a motion to dismiss for lack of personal jurisdiction after previously raising that defense in an answer. The court in *Majerus* described:

"if read very literally, [Rule 12(b)] would appear to say that if the defense is set up in the answer, a motion thereafter cannot be brought. To this court, such a construction reaches an incongruous result where the defense is lack of jurisdiction over the person. It leaves an answering defendant in the uncomforta-

---

**5.** Rule 12(b) of the Federal Rules of Civil Procedure reads:

"How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A mo-

tion making any of these defenses shall be made before pleading if a further pleading is permitted."

**6.** In *Brisk v. City of Miami Beach, Florida,* 709 F.Supp. 1146, 1147 (S.D.Fla.1989), the court declined to follow, but did not overrule, *Treacher's.* While acknowledging the many cases giving effect to an untimely motion to dismiss when the defense was previously raised in the answer, the court stated that "the better-reasoned rule is that the proper vehicle for challenging a complaint after an answer has been filed is a motion for judgment on the pleadings * * *." *Id.*

ble position where either he makes no, or very inadequate trial preparation by way of discovery proceedings, motions, interrogatories or otherwise, for fear of waiving the defense in the answer, or, if the doing of such is not a waiver and the defense is ultimately sustained, then he has wasted much time and effort preliminary to the trial." *Majerus,* 275 F.Supp. at 954–55.

The plaintiffs imply that defendant wasted judicial resources because he filed his motion raising lack of personal jurisdiction approximately three and a half months after filing his answer, and after discovery already had commenced. In fact, by waiting to file his motion to dismiss for lack of personal jurisdiction, defendant was able to conduct discovery to perfect his argument. Without discovery on the jurisdictional issue, the motion justice would have had no basis upon which to decide whether to dismiss for lack of personal jurisdiction. *See Silvia v. Tryba,* 649 A.2d 512, 512 (R.I.1994) (mem.); *Good Hope Industries, Inc. v. Ryder Scott Co.,* 378 Mass. 1, 389 N.E.2d 76, 77 (1979). Correspondingly, following a courtroom discussion of the timing requirements for raising a Rule 12(b) motion to dismiss for lack of personal jurisdiction, the motion justice chose to defer making a decision on the motion until after he obtained more information about the circumstances of the accident. Given that a portion of the parties' discovery efforts focused on personal jurisdiction, few judicial resources were wasted by the discovery that occurred before defendant filed his motion to dismiss.

Here, defendant raised lack of personal jurisdiction in his answer to plaintiffs' complaint, and subsequently filed a motion under Rule 12(b)(2) raising the same defense. Therefore, following the logic of this Court's decision in *Collins* and a plethora of federal court decisions, we hold that defendant was not barred from challenging the Superior Court's personal jurisdiction over him pursuant to Rule 12(b)(2) after specifically raising the defense in his answer.

We reject plaintiffs' argument that, because defendant failed to raise lack of personal jurisdiction before answering the complaint, he has waived that defense. Rule 12(h) governs waiver of defenses, stating "[a] party waives all defenses and objections which the party does not present either by motion as hereinbefore provided or, if the party has made no motion, in the party's answer or reply * * *."

Since defendant raised lack of personal jurisdiction in his answer, he has satisfied the requirements of Rule 12(h). *See Horner Millworks Corp. v. Pinnacle Homes, Ltd.,* 726 A.2d 464, 464 (R.I.1999) (mem.); *Paquin v. Guiorguiev,* 117 R.I. 239, 241–42, 366 A.2d 169, 170 (1976). The defendant's subsequent motion to dismiss does not undo his fulfillment of those requirements.

■ We also reject plaintiffs' argument that defendant waived his right to raise personal jurisdiction because he made a general appearance, rather than appearing in a special, limited capacity to specifically contest personal jurisdiction. Apparently sensing the weakness of the argument, plaintiffs concede that "it appears that such special, limited entries may no longer strictly be required to preserve the right to contest personal jurisdiction." The plaintiffs are correct.

"Rule 12 makes no reference to either a general or special appearance. The former practice of appearing specially to attack the jurisdiction of the court is no longer necessary. While a defendant who simply answers to the merits of a claim thereby consents to the jurisdiction of the court, he does not do so if he raises jurisdictional objections at the

same time that he makes his other defenses." 1 Kent, § 12.2 at 108–09.

Because the defendant raised the defense of lack of personal jurisdiction in his answer, he was not precluded from raising the defense in a motion filed later.

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.