DECISION
The Defendant, Homasote Company ("Homasote"), moves for summary judgment pursuant to Super. R. Civ. P. 56. Homasote asserts that no issue of material fact exists, and such motion should be granted. The Plaintiff, Joseph LaPointe ("Mr. LaPointe"), objects to the motion.
 Facts and Travel
Mr. LaPointe filed a complaint in this Court on May 6, 2006, alleging, inter alia, that he had suffered injuries as a result of occupational and household exposure to asbestos products. In addition to job-related exposure to asbestos-containing boilers or pressure vessels, Mr. LaPointe claims that he was exposed to asbestos while performing various home construction projects between 1950 and 1960. He used sheetrock or rock lash during this construction, which he identified as a product consisting of cement and asbestos formerly produced by Defendant Homasote. Mr. LaPointe contends that during his work he inhaled or ingested asbestos fibers, causing him to develop malignant mesothelioma.
Defendant Homasote has filed the instant motion, arguing that Mr. LaPointe has failed to satisfy the threshold obligation of product identification. Defendant relies in part on Mr. *Page 2 
LaPointe's deposition in which he conceded his uncertainty as to whether the sheetrock he used was, in fact, produced by Homasote. Homasote further contends that Mr. LaPointe's description of the material he used supports a conclusion that he misidentified the sheetrock as a Homasote product. Mr. LaPointe described the material as whitish on the front and grayish on the back and sides, and he stated that it measured in 2 by 4 sheets or 4 by 8 sheets. He did not recall any markings or logos on the sheetrock or rock lash. Mr. LaPointe kept some portion of these materials in his attic and made them available to Defendant. However, Defendant presents the affidavit of Andrew Miele, who was employed by Homasote from 1950-1990. Mr. Miele's affidavit supports Defendant's conclusion that the material used by Mr. LaPointe was not a Homasote product. Defendant argues that Mr. LaPointe cannot show that the asbestos product he was exposed to was in fact produced by Homasote.
 Standard of Review
In ruling on a motion for summary judgment, the trial judge considers the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits and determines whether these documents, when viewed in a light most favorable to the nonmoving party, present a genuine issue of material fact. Kirshenbaum v. Fid. Fed. Bank, F.S.B.,941 A.2d 213 (R.I. 2008); Delta Airlines, Inc. v. Neary, 785 A.2d 1123, 1126
(R.I. 2001) (citations omitted); Volino v. General Dynamics,539 A.2d 531, 532-533 (R.I 1988). It is well-settled that a genuine issue of material fact is one about which reasonable minds could differ. See e.g.Brough v. Foley, 572 A.2d 63, 67 (R.I. 1990). The moving party bears the initial burden of establishing that no such issues exist. Heflin v.Koszela, 774 A.2d 25, 29 (R.I. 2001). If the moving party is able to sustain its burden, then the opposing party must demonstrate the existence of substantial *Page 3 
evidence to dispute that of the moving party on a material issue of fact. See Hydro-Manufacturing, Inc. v. Kayser-Roth Corp., 640 A.2d 950,954 (R.I. 1994); Bourg v. Bristol Boat Co., 705 A.2d 969, 971 (R.I. 1998).
While it need not disclose all of its evidence, the party opposing summary judgment must demonstrate that evidence beyond mere allegations exists to support its factual contentions. See e.g. Ludwig v.Kowal, 419 A.2d 297. 301 (R.I. 1980); Nichols v. R.R. Beaufort Assoc.,Inc., 727 A.2d 174, 177 (R.I. 1999); Bourg, 705 A.2d at 971. The trial justice reviews the evidence without passing upon its weight and credibility, and will deny a motion for summary judgment where the party opposing the motion has demonstrated the existence of a triable issue of fact. See Palmisciano v. Burrillville Racing Ass'n., 603 A.2d 317, 320
(R.I. 1992).
 Analysis
In asbestos litigation, the Plaintiff must identify the Defendant's asbestos product and establish that the product was a proximate cause of his or her injury. See Celotex Corp. v. Catrett, 477 U.S. 317, 319-320
(1986). Here, Plaintiff contends that summary judgment is inappropriate, as he has raised a genuine issue of fact regarding the identity of the asbestos-containing sheetrock to which he was exposed and because he has demonstrated a causal nexus between this exposure and his injury.
In support of his objection, Plaintiff avers that his answers to Defendant's Interrogatories clearly identify Homasote as a manufacturer of an asbestos-containing product that Plaintiff contacted. He further contends that in his deposition, although he acknowledged that he could not confirm that the sheetrock or rock lash product he used was Homasote, he believed that it was. Plaintiff has submitted a Homasote catalogue which depicts material similar to what Mr. *Page 4 
LaPointe described and kept in his attic. The insulating material in the catalogue was available in the same proportions as Mr. LaPointe's sheetrock. He notes that the material he kept was never tested by Defendants, and that the catalogue clearly indicates that the similar material sold by Homasote contained asbestos.
In arguing for summary judgment, Defendant contends that Plaintiff's evidence is insufficient. Defendant proffers that the deposition testimony demonstrates Mr. LaPointe's misguided belief that Homasote was a generic name rather than a specific product. Defendant argues that this deposition testimony, taken with the affidavit of the Homasote employee — which states that the pictures of the products kept in Mr. LaPointe's attic were not Homasote products — provides conclusory evidence of the products' identity.
In general, the party moving for summary judgment may submit evidence to negate an essential element of the non-moving party's claim or to demonstrate that the non-moving party will be unable to establish an essential element of the claim. See Celotex Corp., 477 U.S. at 231. Although Homasote intends to negate Mr. LaPointe's evidence as to the identity of the product, the evidence provided is inconclusive. Therefore, this Court could not make such a finding of product identity without issuing a credibility determination and weighing the evidence, actions inappropriate for the Court on summary judgment. See Palazzo v.Big G. Supermarkets, Inc., 110 R.I. 242, 292 A.2d 235 (1972).
As it has found in previous cases, this Court reiterates that the questions of whether the Plaintiff was ever exposed to asbestos by working near the Defendant's product or whether such exposure was the cause of Plaintiff's injury are questions for the jury to determine.See e.g. Totman v. A. C. and S., Inc., C.A. No. 00-5296, 2002 R.I. Super. LEXIS 23 (February 11, 2002); Downs v. 3M Co., C.A. No. 06-1710, 2007 R.I. Super. LEXIS 146 (R.I.Super.Ct. 2007). The *Page 5 
parties here have clearly presented contradictory evidence as to product identity, and therefore summary judgment is inappropriate in this case.
 Conclusion
Summary judgment is an extreme remedy that should not be used as a substitute for trial or as a device intended to impose a difficult burden on the nonmoving party to save his or her day in court.North Am. Planning Corp. v. Guido, 110 R.I. 22, 25, 289 A.2d 423, 425
(1972). It is not for the Court to sift out cases that are weak, improbable or unlikely to succeed, and so summary judgment will be denied unless a case is "legally dead" on arrival. Mitchell v.Mitchell, 756 A.2d 179, 185 (R.I. 2000). Mr. LaPointe has set forth a prima facie case and has established that genuine issues of material fact exist as to the essential elements of his claim. Accordingly, Homasote's motion for summary judgment is denied. Counsel shall prepare the appropriate order for entry.
This is an asbestos-related product liability case brought against a number of corporate defendants. In the instant matter, Defendant Watts Regulator Company ("Watts") moves to dismiss the claim filed against it by Plaintiff Joseph LaPointe ("Mr. LaPointe") pursuant to Super. R. Civ. P. 12(b)(2). Mr. LaPointe objects to the motion.
 Facts and Travel
Mr. LaPointe filed a complaint in this Court on May 6, 2006, alleging, inter alia, that he had suffered injuries as a result of occupational and household exposure to asbestos products. Mr. LaPointe suffers from malignant mesothelioma, which he asserts was caused by ingesting or inhaling asbestos contained in products with which he worked. Mr. LaPointe claims that he was injured by Watts's products while working as an employee for Fall River Gas Co. and during his self-employment at LJ's Gas Appliances. While so employed, Mr. LaPointe claims that he worked at various homes throughout Fall River, Somerset, Swansea, Cape Cod, and Westport.
Watts, a manufacturer of valves for plumbing and heating systems, has filed the instant motion. Watts argues that Plaintiff has failed to allege facts sufficient to establish a prima facie case of personal jurisdiction. Watts asserts that its headquarters are located in Massachusetts, *Page 2 
and while it maintains facilities in various states, it does not maintain such a facility in Rhode Island. Watts's employees neither work nor reside in Rhode Island. Defendant does not own or lease property, nor does it maintain a telephone listing, mailing address, or post office box in this state. Watts further avers that it is not licensed, registered or otherwise authorized to do business in Rhode Island. Furthermore, it does not specifically advertise in the State, and it has never been required to pay income tax here. Watts sells its products to distributors using the assistance of independent contractors who are not directly employed by the company. These independent contractors, none of whom are headquartered in Rhode Island, have obtained sales in this state. However, Defendant argues that these sales constitute 0.088% — less than one-tenth of one percent — of Watts's total net sales. In support of these facts, Watts has submitted the affidavits of Leo Maguire, the Director of Taxation for Watts Water Technologies (the parent company of Defendant Watts), and of Ernest Elliott, the Executive Vice President of Marketing for Watts Water Technologies. Defendant argues that given these facts, the Plaintiff cannot satisfy the requirements established in Rhode Island law for demonstrating personal jurisdiction.
Mr. LaPointe objects to the motion, contending that due to Rhode Island's small size, the small percentage of net sales accomplished in this State should not preclude a Plaintiff from demonstrating personal jurisdiction. Plaintiff further contends that a motion to dismiss should be brought prior to the commencement of discovery and that here, significant and costly discovery has already been accomplished. Therefore, Plaintiff posits, this case is beyond a stage at which dismissal would be appropriate.
 Law and Analysis
"It is well established that to withstand a defendant's Rule 12(b)(2) motion to dismiss a complaint for lack of in personam jurisdiction, a plaintiff must allege sufficient facts to make out *Page 3 
a prima facie case of jurisdiction." Cerberus Partners, L.P. et al. v.Gadsby Hannah, LLP, 836 A.2d 1113, 1118 (R.I. 2003) (citations omitted). For purposes of a prima facie showing, the Court must examine the pleadings, accepting all facts alleged by the Plaintiff as true and resolving factual conflicts in the Plaintiff's favor. Cassidy v.Lonquist Mgmt. Co., 920 A.2d 228, 232 (R.I. 2007). A prima facie case is established "when the requirements of the Rhode Island long-arm statute are satisfied." Cerberus Partners, L.P. et al., 836 A.2d at 1118. Rhode Island's long-arm statute, which governs the State's jurisdiction over nonresident defendants, states in pertinent part that:
 "[e]very foreign corporation, every individual not a resident of this state and every partnership or association, composed of any person or persons not such residents, that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States." G.L. 1956 § 9-5-33.
This statutory language has been interpreted to permit the exercise of jurisdiction over non-resident defendants to the fullest extent permitted by the United States Constitution. Rose v. Firstar Bank,819 A.2d 1247, 1250 (R.I. 2003). Constitutional due process requires that the Defendant have "minimum contacts" with the forum state, so that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." Coia v. Stephano et al.,511 A.2d 980, 982 (R.I. 1986) (quoting International Shoe Co. v. Washington,326 U.S. 310, 316 (1945)). In making this determination, the Court must consider the facts of the particular case, and consider whether, given such facts, the defendant should "reasonably anticipate being haled into court" in that state. Cerberus Partners, L.P. et al., 836 A.2d at 1118.
The Rhode Island courts have recognized two types of personal jurisdiction: specific and general. See id. In addressing the issue of specific personal jurisdiction, the Court must *Page 4 
determine whether nonresident defendants "purposefully availed themselves of the privilege of conducting activity within the State of Rhode Island thereby invoking the benefits and protections of this state's laws. . . ." Almeida v. Radovsky, 506 A.2d 1373, 1375 (R.I. 1986) (citations omitted); Cerberus Partners, L.P. et al.,836 A.2d at 1119. Specific personal jurisdiction does not place an onerous burden on the plaintiff; there must be a relationship between the defendant, the forum, and the litigation, but the relationship "need not be terribly robust." Cerberus Partners, L.P. et al., 836 A.2d at 1119. However, there must be proof of some purposeful act on the part of the defendant that would invoke the benefits of our laws. Id. By contrast, to exercise general jurisdiction over a nonresident defendant, the defendant's contacts with the state must be "continuous, purposeful, and systematic." Cerberus Partners, L.P. et al., 836 A.2d at 1122 (citingRose, 819 A.2d at 1250). Such continuous contacts would allow the defendant to be sued for a matter unrelated to its contacts.Id.
In the instant matter, the Plaintiff's allegations do not support a finding that any relationship existed among the Defendant, the forum, and the litigation. Cerberus Partners, L.P. et al., 836 A.2d at 1119. Mr. LaPointe claims that he was injured while living and working in Massachusetts and that he came into contact with Defendant's asbestos-containing product in Massachusetts. Plaintiff's allegations, which draw no connection between his claim against Watts and Rhode Island, have precluded a finding of specific personal jurisdiction.
With respect to general personal jurisdiction, the Defendant contends that the case at hand should be compared to this Court's decision inBallew v. Olson Technologies, Inc., C.A. No. 05-5108, 2006 R.I. Super. LEXIS 147 (October 17, 2006). Watts contends that as inBallew, the Defendant lacks a business presence in Rhode Island and only a very small percentage of its total sales have been to Rhode Island customers. See id. This Court is persuaded that the *Page 5 
comparison is accurately drawn. Watts's business presence in Rhode Island is limited to its small percentage of sales obtained through independent contractors. Defendant's affidavits demonstrate that it has no personnel, property, mailing address, telephone number, business license or registration, or obligation to pay taxes to this State.See Cerberus Partners, L.P. et al., 836 A.2d at 1122 (finding a lack of general jurisdiction where the defendant "maintains no office in Rhode Island, neither owns nor leases property here, maintains no records here, has neither agent, telephone number nor mailbox here"). Plaintiff has provided no evidence to rebut these facts, and so he has created no factual conflict for the Court to resolve in his favor.Cassidy, 920 A.2d at 232.
The issue is therefore narrowed to whether the Defendant's sales percentage, through independent contractors, is sufficient to establish general personal jurisdiction. See White v. Shiller Chemicals,Inc., 379 F. Supp. 101, 104 (D.R.I. 1974), aff'd 503 F.2d 1396
(1st Cir. 1974) (finding that the Court must "consider defendant's dollar amount of business in Rhode Island as well as the percentage of its Rhode Island business as against its total corporate sales"). In the instant matter, Watts proffers that its sales obtained in Rhode Island constitute 0.088% of its total sales. In addressing a similar issue in Ballew, this Court found that the defendant's 0.3% of net sales obtained in Rhode Island was insufficient to establish general personal jurisdiction. Ballew, C.A. No. 05-5108, 2006 R.I. Super. LEXIS 147 (October 17, 2006). This Court stated there, and reiterates here, that other jurisdictions have found an even larger percentage of total sales to be insufficient to support an exercise of personal jurisdiction over the nonresident defendant. See e.g. Injen Tech. Co. Ltd. v.Advanced Engine Mgmt., 270 F. Supp. 2d 1189, 1194 (D. Cal. 2003) (finding that 2% of defendant's total sales to forum state were not the kind of "systematic and continuous" contacts that would warrant the exercise of general jurisdiction); *Page 6 Stark Carpet Corp. v. M-Geough Robinson, Inc., 481 F. Supp. 499, 505
(S.D.N.Y. 1980); (holding that when only 2% of defendant's total sales were to the forum state, general personal jurisdiction could not be exercised); Noonan v. Winston Co., 135 F.3d 85, 92-93 (1st Cir. 1998) (holding that business solicitation in forum state and approximately $ 585,000 in orders was insufficient to establish general personal jurisdiction over the defendant).
To defeat the motion to dismiss, Mr. LaPointe contends that the small percentage of Rhode Island sales should be viewed in perspective to this state's small geographic size. The Plaintiff offers nothing beyond his own logic to support this argument. As a result, this Court finds the argument unpersuasive. Without additional information, this Court cannot conclude that a state's size has any bearing on its potential contribution to a corporation's net income. Even assuming,arguendo, that the percentage of sales in a particular state ought to bear any correlation with the state's geographic size, the amount of Rhode Island sales in this case would nonetheless be insufficient to demonstrate any proportional value that would generally link Watts to this forum. Therefore, this Court finds that the small amount of sales to Rhode Island is insufficient to support an exercise of general personal jurisdiction over Defendant.
The Plaintiff finally contends that the motion in this case is untimely, as significant and costly discovery has already taken place between the two parties. This argument is also unpersuasive. The Rhode Island Supreme Court has found that judicial economy is served by allowing a defendant to file a motion under Rule 12(b)(2), even after a responsive answer to the pleadings and discovery have taken place.See Hall v. Kuzenka, 843 A.2d 474, 477-478 (R.I. 2004). The defendant is entitled to use discovery to perfect its argument on the issue of personal jurisdiction, and such development of the issue is an aid, not a hindrance, to the judicial process. *Page 7 Id. Therefore, this Court finds that Watts's motion is timely and sufficient to demonstrate a lack of personal jurisdiction.
 Conclusion
This Court shall exercise personal jurisdiction over a nonresident party where such exercise complies with constitutional due process.Rose, 819 A.2d at 1250. Such due process is not met if the Plaintiff cannot show specific or general personal jurisdiction consistent with Rhode Island's longarm statute. Cerberus Partners, L.P. et al.,836 A.2d at 1118. For the foregoing reasons, this Court finds that Mr. LaPointe cannot sustain his burden of demonstrating sufficient contacts between Defendant Watts and Rhode Island to support an exercise of either specific or general personal jurisdiction. Therefore, Defendant's motion to dismiss is granted. Counsel shall prepare the appropriate order for entry. *Page 1