**Supreme Court**

No. 2015-303-Appeal.
(NC 11-238)

Anthony Pullar          :

     v.          :

Louis Cappelli.          :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Anthony Pullar                    :

           v.                     :

Louis Cappelli.                   :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**   This case came before the Supreme Court on October 5, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The plaintiff, Anthony Pullar (plaintiff), appeals from a judgment of the Superior Court dismissing his complaint for lack of personal jurisdiction over the defendant, Louis Cappelli (defendant).  After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown, and thus, the appeal may be decided at this time.  For the reasons set forth herein, the judgment of the Superior Court is vacated.

### Facts and Travel

The allegations set forth in the complaint and the materials disclosed in discovery, all of which we are bound to accept as true, are as follows: Plaintiff is a resident of Fort Lauderdale, Florida.  At the time of the contract in dispute, plaintiff was a resident of Newport, Rhode Island.  The defendant is a resident of New York.  In August of 2006, plaintiff and defendant met in New York and orally negotiated a contract of employment for plaintiff to serve as the Captain of defendant's sailboat, the S/Y Atlanta (the Atlanta).  The defendant suggested that the contract be

made for three years and that it be terminable only for good cause. The defendant also offered that, were plaintiff to serve for the entire three-year contract term, he would be entitled to a bonus of $150,000, amounting to one year's salary. The plaintiff accepted the terms of the contract and set sail in September of 2006.

The plaintiff encountered rough seas about one month before the end of the employment contract when, on August 1, 2009, plaintiff was terminated without cause, explanation, or payment of the $150,000 bonus. In a subsequent conversation, defendant agreed that the outstanding balance of $150,000 would be paid to plaintiff at the rate of $10,000 per month. The defendant reneged on this promise as well.

On April 22, 2011, plaintiff filed suit in the Superior Court of Newport County, Rhode Island, alleging breach of contract and seeking to recover the money owed to him. The defendant filed an answer in which he averred that Rhode Island did not have personal jurisdiction over him. However, for more than three years, the case proceeded in the Superior Court, as the parties engaged in discovery and court-annexed arbitration. The defendant propounded interrogatories of plaintiff, took plaintiff's deposition, and filed motions to compel the production of documents. On December 4, 2013, the case advanced to court-annexed arbitration with defendant's full participation, concluding with an arbitration award for plaintiff. The defendant rejected the arbitration award, and plaintiff moved to assign the case to trial. On November 14, 2014, almost a year after the arbitration, defendant filed a motion requesting that the matter be assigned to the continuous jury trial calendar. A hearing was held on the motion, and the case was set for trial.

On December 9, 2014, after the case was set for trial, defendant filed a motion for summary judgment for lack of in personam jurisdiction, arguing that he did not have sufficient

minimum contacts with Rhode Island to warrant this state's exercise of personal jurisdiction over him. At a Superior Court proceeding held on the motion, defendant claimed that he did not own the Atlanta and did not personally employ plaintiff. Rather, defendant averred that a corporation named Helios Yachting Services Ltd. (Helios) owned the Atlanta and that plaintiff was hired, paid, and employed by Helios. The defendant conceded that he was an officer of Helios, but insisted that the proper party to plaintiff's lawsuit was the corporate entity. The defendant acknowledged that Helios may have availed itself of the privilege of conducting business in Rhode Island, but that he had no contact with this state in his personal capacity. The plaintiff responded that Rhode Island's exercise of personal jurisdiction over defendant was proper, and added that defendant had waived the defense of lack of personal jurisdiction by participating in the litigation and failing to raise the jurisdictional defense for almost four years.

The trial justice determined that defendant had not waived the defense because he had asserted it in his answer. Additionally, the trial justice noted that, although Helios had contact with this state, that contact could not be imputed to defendant because the complaint was devoid of a claim or facts alleging alter-ego liability. The trial justice concluded that Rhode Island could not exercise personal jurisdiction over defendant. Accordingly, the trial justice <u>sua</u> <u>sponte</u> converted defendant's summary judgment motion into a motion to dismiss pursuant to Rule 12(b)(2) of the Superior Court Rules of Civil Procedure and dismissed plaintiff's complaint.

**Standard of Review**

"In reviewing a lower court's dismissal of an action for failure to make a <u>prima</u> <u>facie</u> showing of personal jurisdiction, we draw the facts from the pleadings and the parties' supplementary filings, taking facts affirmatively alleged by plaintiff as true and viewing disputed facts in the light most advantageous to plaintiff." <u>Cerberus Partners, L.P. v. Gadsby & Hannah,</u>

LLP, 836 A.2d 1113, 1117 (R.I. 2003) (citing <u>Sawtelle v. Farrell</u>, 70 F.3d 1381, 1385 (1st Cir. 1995); <u>Ticketmaster-New York, Inc. v. Alioto</u>, 26 F.3d 201, 203 (1st Cir. 1994)). Our review is <u>de novo</u>. <u>See id.</u>

**Analysis**

Before this Court, plaintiff contends that defendant has sufficient minimum contacts with this state to support a claim of general or specific jurisdiction. Notwithstanding these contacts, plaintiff submits that defendant waived, or forfeited, the defense of lack of personal jurisdiction by failing to assert the defense for more than three and a half years and by actively participating in litigation, including depositions and court-annexed arbitration. This case presents this Court with an issue of first impression: whether a defendant in a diversity action may waive or, more befittingly, forfeit the defense of lack of personal jurisdiction through delay or other conduct that demonstrates an intent to litigate. We answer that question in the affirmative.

We begin our analysis of the forfeiture issue against the backdrop of personal jurisdiction in this state: "[t]he Due Process clause of the United States Constitution limits the exercise of personal jurisdiction over nonresident defendants to those who 'have certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" <u>Rose v. Firstar Bank</u>, 819 A.2d 1247, 1250 (R.I. 2003) (quoting <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)).[1] "The minimum contacts requirement protects defendants from the burden of having to litigate in an inconvenient forum and it ensures that states 'do not reach out beyond [their] limits * * * as coequal sovereigns in a

---

[1] General Laws 1956 § 9-5-33(a) sets forth, in pertinent part:
> "Every foreign corporation, every individual not a resident of this state * * * that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island * * * in every case not contrary to the provisions of the constitution or laws of the United States."

federal system.'" Cerberus Partners, L.P., 836 A.2d at 1118 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)). This Court has acknowledged that "there are no 'readily discernible guidelines for determining what are minimum contacts' for purposes of the long-arm statute." Cassidy v. Lonquist Management Co., LLC, 920 A.2d 228, 232-33 (R.I. 2007) (quoting Conn v. ITT Aetna Finance Co., 105 R.I. 397, 402, 252 A.2d 184, 187 (1969)). However, it can be said that "[a] defendant has minimum contacts with a state if the defendant's conduct and connection with the forum state is such that said defendant reasonably may anticipate being haled into court in that state." Id. at 233 (citing Cerberus Partners, L.P., 836 A.2d at 1118). The guidepost remains whether "traditional notions of fair play and substantial justice" are offended by allowing the suit to continue. See Conn, 105 R.I. at 402, 252 A.2d at 187 ("'Traditional notions of fair play and substantial justice' as a measuring rod stands on the same footing as 'fundamental fairness'; and 'fundamental fairness' as a test * * * is one on a par with that of shocking the conscience of the Court." (quoting Duncan v. Louisiana, 391 U.S. 145, 169 (1968) (Black, J., concurring))).

For reasons that we explicated at length in Hall v. Kuzenka, 843 A.2d 474, 478 (R.I. 2004), a defendant may move to dismiss for lack of personal jurisdiction so long as the defendant previously raised that defense in an answer. See also Rule 12(b)(2); Collins v. Fairways Condominiums Association, 592 A.2d 147, 148 (R.I. 1991) ("A strict interpretation of the timing * * * language [of Rule 12(b)] leads to the conclusion that the court must deny any motion made after a responsive pleading as being too late. However, courts have allowed untimely motions if the defense has been previously included in the answer." (quoting 5C Wright & Miller, Federal Practice and Procedure: Civil 2d § 1361 at 445-46 (3d ed. 2016))).[2] Therefore, to evade the

---

[2] Rule 12(b)(2) of the Superior Court Rules of Civil Procedure provides, in pertinent part:

jurisdictional reach of this state, a defendant must raise the defense in the answer. <u>Hall</u>, 843 A.2d at 478.

It is undisputed that defendant preserved the jurisdictional defense by raising it in his answer. However, we are not persuaded by the trial justice's apparent conclusion that preservation of the defense is inviolable simply because it was raised in the answer. Rather, we proceed to examine plaintiff's contention that the defense may be forfeited or abandoned through unwarranted delay or subsequent conduct in defending the case. We find guidance in the federal courts' interpretation of the analogous federal rule.[3] <u>See</u> <u>Hall</u>, 843 A.2d at 476-77 ("Rhode Island Rule 12(b) is nearly identical to Rule 12(b) of the Federal Rules of Civil Procedure."); <u>see also</u> <u>Heal v. Heal</u>, 762 A.2d 463, 466-67 (R.I. 2000) ("[W]here the Federal rule and our state rule are substantially similar, we will look to the Federal courts for guidance or interpretation of our own rule.").

The general objective of Rule 12 of the Federal Rules of Civil Procedure "is to eliminate unnecessary delay at the pleading stage by requiring the presentation of an omnibus pre-answer motion in which [the] defendant advances every available Rule 12 defense." <u>Marcial Ucin, S.A.</u>

---

> "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (2) Lack of jurisdiction over the person[.] * * * A motion making [this] defense[] shall be made before pleading if a further pleading is permitted."

[3] Rule 12(b)(2) of the Federal Rules of Civil Procedure provides, in pertinent part:
> "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: * * * (2) lack of personal jurisdiction[.] * * * A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."

v. SS Galicia, 723 F.2d 994, 997 (1st Cir. 1983) (citing 5C Wright & Miller, Federal Practice and Procedure: Civil § 1384 at 837 (3d ed. 2016)).  Where Rule 12 defenses are not seasonably asserted, the delay "produces an unfair hardship on plaintiffs.  It subjects them to the disadvantage of attempting to assemble proof, the effectiveness of which may well be severely diluted by the passage of time * * *."  Vozeh v. Good Samaritan Hospital, 84 F.R.D. 143, 144 (S.D. N.Y. 1979).  Additionally, "there 'exists a strong policy to conserve judicial time and resources,'" requiring that "preliminary matters such as * * * personal jurisdiction * * * [are] raised and disposed of before the court considers the merits or quasi-merits of a controversy." Bel-Ray Co. v. Chemrite (Pty) Ltd., 181 F.3d 435, 443 (3d Cir. 1999) (quoting Wyrough & Loser, Inc. v. Pelmor Labs., Inc., 376 F.2d 543, 547 (3d Cir. 1967)).

To effectuate the purpose of Rule 12, federal courts have interpreted the requirement that jurisdictional defenses be raised in the initial responsive pleading to "'set[] only the outer limits of waiver' * * *.  [A]sserting a jurisdictional defect in the answer [does] 'not preserve the defense in perpetuity.' * * * This defense 'may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct.'"  Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990).  These circumstances—where a defendant has lost a jurisdictional defense through delay or other conduct—are termed "forfeiture."   See United States v. Olano, 507 U.S. 725, 733 (1993) ("Waiver is different from forfeiture."); see also Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 61 (2d Cir. 1999) ("The term 'waiver' is best reserved for a litigant's intentional relinquishment of a known right. Where a litigant's action or inaction is deemed to incur the consequence of loss of a right, or, as here, a defense, the term 'forfeiture' is more appropriate.").

- 7 -

Federal courts consistently invoke the doctrine of forfeiture when a defendant fails seasonably to argue for application of the jurisdictional defense, or submits to the jurisdiction of the court through conduct, even when the defendant asserted the defense in its answer. See, e.g., Hamilton, 197 F.3d at 62 ("[The defendant] participated in pretrial proceedings but never moved to dismiss for lack of personal jurisdiction despite several clear opportunities to do so during the four-year interval after filing its answer. These circumstances establish a forfeiture."); Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993) (finding that the defendant lost the defense of personal jurisdiction by his conduct, even though "the waiver provided for by Rule 12(h) did not occur"); Yeldell, 913 F.2d at 539 (the defendants lost the defense of personal jurisdiction where they "participated in discovery, filed various motions, [and] participated in a five-day trial" without raising the issue); Datskow v. Teledyne, Inc., Continental Products Division, 899 F.2d 1298, 1303 (2d Cir. 1990) ("A delay in challenging personal jurisdiction by motion to dismiss has resulted in waiver, even where, as here, the defense was asserted in a timely answer."); Vozeh, 84 F.R.D. at 144 (finding abandonment of the jurisdictional defense where the defendant raised the defense in his answer but did not move to dismiss for lack of personal jurisdiction until shortly before the date of trial almost two years after filing his answer).

We are persuaded by the forfeiture doctrine developed by the federal courts and thus adopt it at this time. The analysis by the Court of Appeals for the Second Circuit in Hamilton, on facts that are nearly identical to the case at bar, is instructive. In Hamilton, the defendant raised the defense of lack of personal jurisdiction in its answer and then waited four years before moving to dismiss based on the defense. Hamilton, 197 F.3d at 61. During those four years, the defendant proceeded through discovery, conducted depositions, and successfully transferred the

case to a different venue. Id. The court concluded that the defendant "could have raised the personal jurisdiction issue [earlier]" and had "several clear opportunities to do so," but instead, "gambled that it could raise the personal jurisdiction issue on the eve of trial, in case a trial occurred." Id. at 62. This unwarranted delay and active participation in pretrial proceedings was determined to constitute forfeiture of the defense. Id.; see also Continental Bank, N.A., 10 F.3d at 1297 (holding personal jurisdiction defense forfeited where the defendants "participated in lengthy discovery, filed various motions and opposed a number of motions" and "fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction").

In considering whether forfeiture occurred in this case, we proceed to a similar review of the circumstances examined by the court in Hamilton, beginning with the passage of time between the assertion of the defense in the answer and resort to the defense by motion. The defendant waited more than three and one half years before moving for summary judgment based on lack of personal jurisdiction. "Although the passage of time alone is generally not sufficient to indicate forfeiture of a procedural right, * * * the time period provides the context in which to assess the significance of the defendant's conduct, both the litigation activity that occurred and the opportunities to litigate the jurisdictional issue that were forgone." Hamilton, 197 F.3d at 61.

During the three and one half years, defendant conducted discovery, appeared at numerous pretrial hearings, participated in arbitration, and filed several motions including a motion to assign the case to a jury trial. The defendant had numerous opportunities to contest the court's jurisdiction, the most significant of which was prior to consenting to a jury trial. Even before he demanded a jury trial, defendant participated in arbitration. It is antithetical to conclude that a defendant might agree to arbitrate in Rhode Island, thereby consenting to terms

of the arbitration proceeding, yet remain beyond the jurisdictional reach of the court tasked with enforcing the award. See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos, 553 F.2d 842, 844 (2d Cir. 1977) (holding that arbitration in New York constituted consent to personal jurisdiction in New York).

Furthermore, we do not overlook the fact that the results of arbitration were adverse to defendant's interests. The defendant, confronted with an impending trial, cannot now "pull [personal jurisdiction] out of the hat like a rabbit" in the face of an inhospitable sea. Broadcast Music, Inc. v. M.T.S. Enterprises, Inc., 811 F.2d 278, 281 (5th Cir. 1987); see also Rice v. Nova Biomedical Corp., 38 F.3d 909, 914 (7th Cir. 1994) ("It would defeat the purpose of requiring prompt assertion of the defense of lack of personal jurisdiction if the defendant, having raised an objection to personal jurisdiction at the outset as required, could without any penalty fail or refuse to press it, creating the impression that he had abandoned it, and not seek to correct that impression until * * * [after] an adverse final judgment on the merits.").

Accordingly, a defendant forfeits the defense of lack of personal jurisdiction when the defendant, through delay or conduct, "give[s] a plaintiff a reasonable expectation that it will defend the suit on the merits or * * * cause[s] the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010). Clearly, the elements of forfeiture are present in this case. The defendant proceeded through discovery, arbitration, and extensive pretrial litigation for more than three and a half years, during which he had several opportunities to challenge this state's personal jurisdiction over him. We can reach no other conclusion but that defendant's silence in the face of a known right can only be described as forfeiture.

Because the defendant forfeited his jurisdictional defense through unjustified delay and active participation in litigation proceedings, we cannot say that the traditional notions of fair play and substantial justice are offended by requiring him to acquiesce to the jurisdiction of this state. See Rose, 819 A.2d at 1250. Indeed, our adoption of the doctrine of forfeiture appropriately portrays personal jurisdiction for what it is—an individual right that can be surrendered. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."); City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 133 (2d Cir. 2011) ("Personal jurisdiction, unlike subject-matter jurisdiction, can * * * be purposely waived or inadvertently forfeited."). Unquestionably, forfeiture occurred in this case.

**Conclusion**

For these reasons, we vacate the judgment of the Superior Court. The record in this case shall be remanded to the Superior Court for further proceedings.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    Anthony Pullar v. Louis Cappelli.

**CASE NO:**    No. 2015-303-Appeal.
(NC 11-238)

**COURT:**    Supreme Court

**DATE OPINION FILED:**  November 17, 2016

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**    Newport County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Walter R. Stone

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Maurice Cusick, Esq.

For Defendant:  Eric B. DiMario, Esq.
Thomas Plunkett, Esq.